BELAVAL, DEMANDANTE Y APELADO, *v.* TODD, ALCALDE DE SAN JUAN, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un recurso sobre *mandamus.*

No. 1259.—Resuelto en junio 26, 1915.

MANDAMUS—SENTENCIA EN FAVOR DE LA PETICIÓN—ALEGACIONES CIERTAS—PRE-SUNCIÓN.—Cuando en una solicitud de *mandamus* la corte resuelve la cuestión en favor del peticionario, debe presumirse que todas las alegaciones bien formuladas que ella contiene son ciertas.

DESTITUCIÓN DE EMPLEADOS—DESTITUCIÓN POR CAUSA POLÍTICA—LEY MUNICI-PAL.—Una destitución por causa política es una destitución sin justa causa y en contra del precepto contenido en el artículo 32 de la Ley Municipal de marzo 8, 1906, tal como quedó enmendado en marzo 10, 1910. . Véase *Ruiz* v. *del Valle, Alcalde de San Juan,* 17 D. P. R., 686.

ID.—JUSTA CAUSA—NOTIFICACIÓN Y AUDIENCIA.—Generalmente cuando un estatuto confiere a una colectividad o a una persona la facultad para destituir por ''causa'' o ''justa causa,'' se considera que es una facultad judicial y el organismo o persona investido de dicha facultad no debe destituir sin antes ser notificada y oída la persona que va a ser destituída.

ID.—PESO DE LA PRUEBA—SUFICIENCIA DE LA PRUEBA—DISCRECIÓN—DEFENSA.—Aun cuando la cuestión relativa al peso de la prueba o si la prueba es suficiente o no esté confiada únicamente a la discreción de la junta o persona con facultad de destituir, debe dársele al funcionario o empleado que va a ser destituído, la oportunidad de defenderse y presentar prueba.

ID.—DERECHOS DEL DESTITUÍDO A SER REPUESTO—CUESTIÓN ACADÉMICA.—Cuando el derecho de un demandante a ser repuesto en un cargo determinado puede originarle derechos a cuya privación tiende la destitución, el caso debe resol-verse por sus méritos a menos que se demuestre que la cuestión a resolver había llegado a ser puramente académica.

Los hechos están expresados en la opinión..

Abogados del apelante: *Sres. Ramón Falcón* y *Adrián Agosto.* .

Abogados del apelado: *Sres. J. H. Brown, Eduardo Acuña* y *H. S. Belaval.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-bunal.

Esta es una apelación interpuesta contra la sentencia dic-tada por la Corte de Distrito de San Juan ordenando a Ro-berto H. Todd, Alcalde de San Juan, por virtud del auto de *mandamus,* que restituya en su cargo al Dr. José S. Bela-

val. La sentencia podría haber sido más específica y mencionado el empleo en el cual había de ser restituído, pero no se ha formulado queja con motivo de esto y en la petición claramente se expresa el cargo. El juicio tuvo lugar ante la corte inferior, pero debido a un mal entendimiento acerca de la ley ninguna de las pruebas presentadas en el caso han sido sometidas a la consideración de este tribunal, sino únicamente las alegaciones. Como la corte resolvió la cuestión en favor de la petición tendrá que presumirse que todas las alegaciones que en ésta han sido bien formuladas son ciertas. La única cuestión pues, que debemos considerar es si la petición expresaba una causa de acción.

Se alega substancialmente en la petición: (1) que José S. Belaval es vecino de San Juan, de profesión médico, y que el demandado Roberto H. Todd es alcalde de San Juan; (2) que el peticionario es director de los hospitales municipales de San Juan; (3) que el peticionario fué debidamente nombrado director de los hospitales municipales de San Juan por el demandado en el mes de septiembre de 1912, y desde esa fecha hasta el día 1 de abril de 1914, fecha en que fué privado de su derecho, desempeñó fielmente los deberes de ese cargo; (4) que el día 28 de abril, 1914, el peticionario recibió una carta firmada por el demandado en su carácter de alcalde de San Juan en la que expresaba que desde aquella fecha y por conveniencias del servicio, cesaba en su empleo de director del hospital municipal el peticionario, entendiéndose que la resolución tendría efecto a partir desde esa misma fecha, y que al mismo tiempo el demandado encargaba al Dr. del Toro para actuar interinamente como director de los Hospitales Municipales de San Juan; que el peticionario se negó a hacer entrega de su cargo al Dr. del Toro, fundándose en que la orden de cesantía era ilegal; que con fecha treinta de abril de 1914, el alcalde dirigió nueva comunicación al Dr. del Toro y una carta circular a los médicos, superintendentes de *nurses* y demás empleados de los hospitales, para que ellos no reconociesen como director de dichos hos-

pitales más que al Dr. del Toro, y el peticionario en virtud
de la orden del demandado, fué privado de su derecho para
ejercitar su cargo o empleo y excluído de su desempeño; (5)
que el peticionario alega que no se le ha dado ni tiene cono-
cimiento de la causa en que se funda la dicha orden de cesan-
tía, ni está enterado de cargo o queja alguna contra él; (6)
el peticionario hace referencia a las prescripciones del ar-
tículo 32 de la Ley Municipal de 1906, según fué enmendada
por la Ley de marzo 10, 1910; (7) que según información
y creencia alega el peticionario que la dicha orden de cesan-
tía y su destitución intentada fué motivada por fines políti-
cos del demandado y por razón de no haberse prestado el
peticionario a apoyar la candidatura del demandado para
ser nombrado candidato del partido republicano para alcalde,
de San Juan y a contribuir con fondos para tales fines per-
sonales y políticos del demandado; (8) que el peticionario
continúa siendo *de jure* director de los hospitales munici-
pales porque su destitución no se hizo con arreglo a la ley;
(9) que aunque el demandado ha sido requerido para que re-
ponga al peticionario en su cargo se ha negado a hacerlo;
(10) que el peticionario percibía un sueldo de $2,000 anua-
les, además de ser provisto de una casa de vivienda con luz
y agua, de todo lo cual fué privado por el acto ilegal del de-
mandado; (11) por todo lo cual terminaba el peticionario
alegando que no tenía otro remedio y solicitaba la expedición
de un auto de *mandamus.*

En el caso de *Ruiz* v. *del Valle,* 17 D. P. R., 686, al cual
volveremos a hacer referencia, se sugirió que una destitu-
ción por causa política sería una destitución sin justo motivo
y en contra del precepto contenido en el artículo 32 de la
Ley Municipal según fué enmendada. Por tanto, podría con-
siderarse que el peticionario ha alegado una causa de acción
al expresar en el párrafo VII de la petición que su des-
titución fué motivada por fines políticos. Sin embargo,
tanto el peticionario como la corte inferior se fundan en ra-
zones más poderosas, o sea, que el peticionario fué destituído

de su cargo sin conocimiento de la causa de la destitución y sin dársele oportunidad de defenderse.

El artículo 32 de la Ley Municipal, tal como fué enmendado por la Ley de marzo 10, 1910, en el cual se funda el peticionario dice lo siguiente:

"El alcalde nombrará todos los empleados del municipio cuyos nombramientos no se proveyeren de otro modo en esta ley y que estuvieren autorizados por las asignaciones del presupuesto y deberá ver que cumplan debidamente con sus obligaciones. El alcalde podrá, por justa causa, destituir a todos los funcionarios y empleados nombrados por él solamente, o nombrados por él con la anuencia y consentimiento del concejo municipal; *Disponiéndose, sin embargo,* que el contador municipal o el secretario municipal en funciones de contador no podrá ser destituído sin el consentimiento del concejo municipal después de haber el alcalde formulado cargos por escrito y presentándolos al concejo, y después de haberse dado al contador un período de dos días para presentar al concejo una contestación de dichos cargos por escrito."

Generalmente cuando un estatuto confiere a una colectividad o a una persona la facultad para destituir por "causa" o "justa causa," se considera que esa es una facultad judicial y el organismo o persona investido de dicha facultad no debe destituir sin ser notificada y oída la persona que va a ser destituída. *McCulley* v. *State,* 46 L. R. A., 571, y autoridades citadas. *State et al.* v. *Hitchcock.* 16 L. R. A., 413, y autoridades. *Hagerty* v. *Shedd,* 75 N. H., 393, 396.

Con sujeción a las prescripciones del estatuto y a la clase de los empleados existe la tendencia en casi todos los Estados de exigir que tenga lugar un procedimiento semejante a un juicio en el cual se da al funcionario o empleado la oportunidad de defenderse y presentar prueba; oportunidad que generalmente debe darse aún cuando la cuestión relativa al peso de la prueba, o si la prueba es suficiente o no esté confiada únicamente a la discreción de la junta o persona que destituye al funcionario; en otras palabras, el funcionario

o persona que va a ser destituído debe haber tenido la opor-
tunidad de defenderse ante la persona o junta que tiene la
facultad de hacer la destitución.

En nuestra misma ley municipal de 1906 puede verse que
cuando la Legislatura de Puerto Rico tenía presente un pro-
cedimiento semejante al juicio, así lo expresaba específica-
mente.   En el artículo 32, en el cual se apoya el peticiona-
rio, puede observarse que el contador municipal o el secre-
tario municipal en funciones de contador solamente podrá
ser destituído después de haber el alcalde formulado cargos
por escrito al concejo, y después de haberse dado al conta-
dor un período de dos días para presentar al concejo una
contestación a dichos cargos por escrito.   De igual manera
en el artículo 20 cuando el concejo municipal investiga car-
gos de cualquier funcionario, se prescribe que se permitirá
a los funcionarios comparecer y estar representados por abo-
gado; y asimismo en el artículo 35, cuando se trata de la
destitución del alcalde mismo habrá de dársele la oportuni-
dad de ser oído en su defensa.   Por consiguiente, creemos
que la intención de la Legislatura de dar a un funcionario
un derecho a algo así como el juicio no resulta completamente
clara y la duda aumenta por el hecho de que de acuerdo
con dicho artículo 32 el alcalde está en la obligación especial
de ver que todos los empleados cumplan debidamente con
sus obligaciones.   Sin embargo, de conformidad con las auto-
ridades citadas, opinamos que un funcionario tiene derecho
a alguna notificación y audiencia.

En el caso de *Ruiz* v. *del Valle, supra,* no tuvimos que
considerar detenidamente si un peticionario siempre tenía
derecho a ser avisado y oído, porque en aquel caso creímos
que se habían cumplido debidamente los requisitos respecto
al aviso y audiencia del empleado.   En dicho caso ya había
sido notificado el empleado una vez anteriormente, fué oído
y también se le dió la oportunidad de que abandonara el

negocio que tenía el cual era incompatible con su permanencia en el servicio. La causa de la remoción fué prácticamente confesada. Por regla general y en apoyo del principio relativo al aviso y audiencia sería buena práctica, aunque no sea absolutamente necesario para el alcalde dar alguna clase de aviso por escrito. En el caso que consideramos el peticionario alega que jamás se le dió ningún aviso u oportunidad de defenderse y nos inclinamos a opinar con la corte inferior en que es necesaria alguna notificación o audiencia aun cuando el alcalde sea el único juez de la suficiencia·de la prueba de la causa que se alega.

Hemos llamado la atención hacia el hecho de que solamente podemos tomar en consideración la petición formulada en este caso, pues la prueba no ha sido traída a la consideración de este tribunal, pero la contestación misma, de ser cierta, no favorecería al apelante, o sea al alcalde en este caso, puesto que el decreto contenido en dicha contestación era de destitución aun cuando en él se determinara una causa o causas. Además, la corte en su opinión se negó a considerar la prueba de causa suficiente por haber estimado que el peticionario jamás fué notificado de los cargos ni oído en su defensa.

En este caso la parte apelante sostiene que este tribunal no debe entrar a resolver la cuestión envuelta en este pleito por resultar académica debido al hecho de que el *mandamus* librado por el juez de distrito sería imposible de cumplir por haber cesado en el desempeño de sus funciones por ministerio de la ley el alcalde que nombró al peticionario, y con él todos los funcionarios por él nombrados.

Tendría razón el apelante si se nos hubiere demostrado que la cuestión a resolver en el presente caso había llegado a ser puramente académica. No ha sido así. El derecho del demandante a ser repuesto en el cargo puede originarle derechos a cuya privación tiende la destitución, y por tanto no es justo dejar de resolver el caso por sus méritos.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-ciados del Toro, Aldrey y Hutchison.