CINTRÓN, PETICIONARIO, v. BERRÍOS, ALCALDE DE YABUCOA, DEMANDADO.

SOLICITUD para que se expida un auto de *mandamus* al Alcalde Municipal de Yabucoa, para la reposición del peticionario en su cargo de Inspector de Beneficencia.

No. 156.—Resuelto en enero 29, 1917.

MANDAMUS—EMPLEADOS MUNICIPALES—DESTITUCIÓN DE EMPLEADOS—NOTIFICACIÓN Y AUDIENCIA—JUSTA CAUSA.—Un inspector de beneficencia municipal tiene derecho tanto a una notificación como a una audiencia antes de que pueda ser separado de su cargo por el alcalde por *justa causa*, si bien no es necesario que los cargos sean formulados con aquella habilidad técnica que ordinariamente despliega un fiscal al redactar una acusación ni tampoco que sean observadas todas las formalidades de un juicio.

ID.—AUDIENCIA—DEFENSA—RENUNCIA O ABANDONO.—Una audiencia significa y lo exigen los dictados de la justicia común, que al funcionario a quien se trata de separar de su cargo, habrá de hacérsele una notificación razonable de los actos específicos u omisiones de que se le acusa, dándole una oportunidad razonable para defenderse, esto es, para contestar los cargos y presentar sus pruebas, y si lo deseare, permitirle confrontarse y repreguntar a los testigos en su contra, aunque él puede, si quiere, renunciar o abandonar cualquiera de estos privilegios.

ID.—DERECHO A SER OÍDO.—Cuando el funcionario con derecho a ser oído al formulársele cargos es, sin razón alguna que lo justifique, privado de aquel derecho, debe concedérsele como en este caso, el remedio de *mandamus* para su reposición.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Sres. Carlos Travecier* y *Víctor Burset*.

Abogados del demandado: *Sres. Francisco González* y *Juan B. Huyke*.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El día 4 de agosto de 1916, el peticionario Dr. Julio Cintrón, Inspector de Beneficencia del Municipio de Yabucoa, dirigió al concejo municipal una comunicación en la que protestaba de un cargo que se dijo había sido formulado por escrito ante ese cuerpo por el alcalde, y solicitó el peticionario en dicha comunicación que se hiciera una completa investigación del asunto.

En el mismo día requirió el alcalde al Dr. Cintrón para

que presentara su contestación a los doce cargos más o menos específicos dentro del término de cinco días, le notificó de su suspensión de empleo por supuesta hostilidad a la administración ínterin se depuraban determinados cargos y ordenó que inmediatamente hiciera entrega de su dependencia al sub-inspector.

En 7 de agosto presentó el Dr. Cintrón su contestación, que es algo extensa.

Consta de las minutas de los procedimientos que tuvieron lugar en el concejo municipal en la reunión celebrada el día 15 de agosto, que

"Se dió cuenta con una petición del inspector de beneficencia Dr. Julio Cintrón solicitando se haga una investigación, todo lo más minuciosa posible con respecto a su proceder y a su gestión como director del hospital y como inspector de beneficencia, durante todo el tiempo que lo viene desempeñando, es decir, desde el trece de septiembre último, hasta 1°. de agosto en que lo fué por delegación del Dr. J. E. Berríos, y desde esa fecha hasta el presente que lo ha sido por su propia representación, toda vez que el haberle quitado la dirección del hospital poniéndose como motivo 'por convenir al mejor servicio público' pudiera interpretarse como confirmación de la acusación lanzada con 'un se dice' por el honorable alcalde en contra de su honradez intachable. El concejo, por parecer unánime de concurrentes, acuerda, dejar este particular para considerarlo juntamente con un mensaje del alcalde referente al funcionario recurrente, que ha de tratarse en esta misma sesión.

"Se dió cuenta con un mensaje del alcalde fechado el 10 de agosto de 1916, que dice así: 'Al Concejo Municipal. Señores: En vista de las dificultades surgidas entre el Dr. Cintrón, inspector de beneficencia y el que suscribe, en sus relaciones oficiales, me ví en la dura necesidad de suspenderlo en el empleo y formularle cargos, dándole un plazo de cinco días para que los contestase, y con ellos, la contestación y las pruebas en que se fundaran, dar cuenta a VV. para resolver después lo procedente en bien del servicio público que considero lesionado. Los documentos que acompañan a esta carta son los referidos en el párrafo anterior y que yo ruego examinéis cuidadosamente para que quedéis bien impuestos de sus particulares y me déis vuestro parecer acerca de si debe continuar o no, dicho señor, en el ejercicio de sus funciones, como inspector de beneficencia de este municipio.

Si los cargos formulados y que he sometido a vuestra consideración no son a vuestro juicio suficientes para que quede justificada mi actitud con el empleado de referencia, os ruego que me lo informéis, que tengo otras pruebas y otras acusaciones que entrañan mayor gravedad y que no he querido usar por razones que quisiera guardar prudentemente. Es mi creencia la de que el señor inspector de beneficencia ha sido hostil a la administración no sólo por sus faltas de consideración y respeto hacia mí, sino porque ha faltado a las leyes hechas por vosotros y que debo hacer cumplir para bien del vecindario, y porque ha faltado a otras leyes de carácter más severo, dando así lugar a que las clases pobres hayan sufrido molestias que han podido evitarse. Por norma he tenido que proceder con la mayor armonía actuando en todo lo posible de conformidad con vuestro criterio, y en esta ocasión, aunque tengo facultades para proceder libremente, y resolver lo que fuere del caso, por tratarse de un asunto muy comentado, quiero, más que nunca, oiros antes de tomar resolución. Os ruego que con la mayor prontitud me complazcáis para ocasionar el menor perjuicio posible a los intereses públicos y molestar en poco al Dr. Berríos, quien, sin retribución alguna está atendiendo al trabajo del Sr. Cintrón. Atentamente. José L. Berríos. Alcalde.' Leídos los cargos formulados por el alcalde al inspector de beneficencia, y estándose en la lectura de la contestación dada a tales cargos por dicho inspector de beneficencia, comparece el miembro de la corporación Don Domingo Quintana, y enterado del asunto que se trata, toma participación en el debate, pidiendo se lean las pruebas aportadas, lo que es aplazado para su oportunidad. Entonces, luego de terminada la lectura de la respuesta del inspector de beneficencia, se trae a la vista la solicitud de este funcionario que se dejó para resolver juntamente con el particular que se debate, después de discutirlos suficientemente, se acuerda por mayoría de los votos de la presidencia, Berríos y Rodríguez en contra de los de Quintana y Cintrón que opinaron que la resolución del asunto debía dejarse a discreción del alcalde, que por los miembros presentes del concejo, en armonía con la sección 20 de la Ley Municipal, se practique una investigación sobre los extremos a que se refieren los documentos leídos. El concejal Sr. Berríos, que se excusó de tomar parte en la investigación acordada por creer que se trata únicamente de un exceso de celo en bien de la administración de nuestro muy digno alcalde Don José L. Berríos, y de un exceso de celo también del Dr. Cintrón como inspector de beneficencia puesto que ambos funcionarios a su entender, cumplen muy a beneplácito del pueblo de Yabucoa, hace constar que acepta por complacer a sus compañeros.''

Al siguiente día se dirigió nuevamente por escrito el alcalde al concejo municipal en los siguientes términos:

"Conozco vuestro acuerdo referente a la carta que os dirigí sobre cargos que he hecho al inspector de beneficencia, Sr. Cintrón, y pude observar y oir lo que se hizo y dijo al tratar el asunto, y, debo deciros que, aun cuando en particular acepto sin vacilación lo acordado hasta el extremo de ofreceros el pago por mi cuenta de un taquígrafo para que el acto de la investigación sea lo más severo posible y de él se consigne cuanto se diga, como alcalde, jefe ejecutivo del gobierno municipal, lo siento, porque fué mi objeto, al dirigirme a vosotros, realizar discretamente un acto de cortesía que os ofreciera buena ocasión de poder apreciar las razones que tuve para suspender al Sr. Cintrón en el ejercicio de su cargo y las que intento utilizar para el caso de dejarlo cesante en uso de las facultades que me concede la ley y en bien del servicio público. Como yo no puedo retroceder en el camino emprendido sin dejar en él girones de mi reputación, y soy de los que cuando adoptan un procedimiento de trascendencia es porque ya lo han estudiado debidamente y no temen a las consecuencias, sino que están serenos y firmes esperando el fallo de la opinión pública, me permito rogaros: Que acepte el Sr. Berríos mis gracias si bondadosamente calificó mi proceder como producto de exceso de celo, pero que crea que de la defensa calurosa que hizo del Sr. Cintrón se deriva que soy injusto y no puedo aceptar sin protesta ese calificativo, y afirmo, de una manera rotunda que dicho señor si es un buen médico o una eminencia profesional, y sostuvo el hospital en buenas condiciones que fueron mejoradas notablemente por su celo, con vuestro concurso y el de otros que no cito, es un intelectual que, por serlo, cree que los que no tienen títulos están por debajo de él aunque sea en el campo administrativo del Gobierno, y quizás por esta causa, ha sido un mal empleado y como tal olvidó muchas cosas que es de sentirse hayan sido olvidadas por él. Que aceptéis que es indispensable para que exista una buena administración que haya la mayor solidaridad entre el jefe y los empleados; que la armonía entre todos los que trabajan para un mismo fin sea excelsa. Que estiméis como justo que no es posible que un alcalde pundonoroso sin desprestigio para su autoridad, acepte la negativa de un médico de beneficencia, subordinado suyo, a curar enfermos pobres que tienen la desgracia de solicitar en forma legal sus servicios. Que apreciéis como impertinencia insoportable para quien estima merecer respeto y consideración y para quien, por el cargo que ocupa, está revestido de autoridad, la forma dura y poco correcta empleada por el Dr. Cintrón en su corresponden-

cia oficial con el alcalde.   Que os fijéis en que los empleados públicos son servidores del pueblo y en sus relaciones con éste no sólo deben proceder bien, sino que ni por apariencias debe darse lugar a la murmuración, porque por ésta se menoscaba el buen concepto que debe merecer todo Gobierno, y que, aunque de las pruebas que os presenté para justificar los cargos hechos, no se derive delito que pueda caer bajo el peso abrumador del Código Penal, se deriva el hecho de que se murmura y de que se ha dado lugar para la murmuración de un modo bochornoso y perjudicial para la administración, siendo la causa de esto quien ejerce el cargo de inspector de beneficencia.   Debo manifestaros que no he querido profundizar en los hechos rebuscando pruebas y robusteciendo las existentes porque en realidad no he buscado comprobar la perpetración de un delito, sino hechos suficientes que claramente puedan dar idea fija de las relaciones oficiales del inspector de beneficencia con el jefe de la administración, que es el alcalde, y cómo se respetan las ordenanzas votadas por vosotros por quien llamado está para cumplirlas y hacerlas cumplir de modo que robustezcan el poder legislativo que ha puesto en vuestras manos el imperio de las leyes porque se rige esta isla.   En tal sentido os suplico que examinéis detenidamente, sin parcialidad, con serena razón, las cartas que he escrito al Sr. Cintrón, y sus contestaciones, y si de ellas, y de otras cartas suyas, y de otros documentos que constan en el expediente que os he presentado no se saca la consecuencia lógica de que hay antagonismo profundo entre el señor inspector de beneficencia y el alcalde; de que se ha hablado mucho que perjudica el buen concepto de la administración y de que se ha faltado de modo cierto y positivo a las leyes de la municipalidad votadas por vosotros, y a la consideración debida a los pobres infelices que han tenido necesidad de auxilio médico, entonces   *   *   *   que se prosiga la investigación acordada, dándoseme derecho para presenciarla, aclarar lo que considere oscuro, con facultad de la que os señala la Ley Municipal, sin que se entienda por esto que hago renuncia del derecho que me corresponde en el asunto principal o sea el de la separación del Sr. Cintrón del cargo de inspector de beneficencia que aún tiene.''

En 14 de septiembre firmó el alcalde la siguiente resolución:

"*Resolución.*—Vistos los antecedentes de los cuales se derivan los cargos que esta alcaldía formuló al inspector de beneficencia de este municipio, y *Resultando:* que de dichos expedientes aparece probado que el Doctor Julio Cintrón, Inspector de Beneficencia del Municipio

de Yabucoa, ha faltado a los deberes que le imponen las leyes y ordenanzas municipales, negándose a curar enfermos insolventes, empleando formas irrespetuosas y frases duras e incorrectas en su correspondencia oficial con el alcalde y usando procedimientos impropios en el desempeño de sus funciones como tal empleado. *Resultando:* que el mencionado Doctor Cintrón en su respuesta a los cargos formulados no ha desvirtuado ninguno de ellos, ni con su contestación ni aportando pruebas que la robustecieran. *Considerando:* que para que exista una buena administración es indispensable que todos los empleados o dependientes de ella cumplan estrictamente con los deberes a ellos confiados, y que subsista siempre la mayor solidaridad entre el jefe y sus subalternos. *Considerando:* que no es posible que un alcalde pundonoroso, pueda aceptar, sin desprestigio para su autoridad, que un empleado a sus órdenes se niegue a cumplir las obligaciones de su cargo, y emplee formas duras y poco correctas en su trato oficial, faltando al respeto y consideración que debe merecer por la autoridad de que está revestido. *Considerando:* que los empleados públicos son servidores del pueblo y en sus relaciones con él, no sólo deben proceder bien, sino que ni por apariencias debe darse lugar a la murmuración, porque por ésta se menoscaba el buen concepto que debe merecer todo gobierno. *Considerando:* que aun cuando el asunto a que esta resolución se contrae fué referido al concejo municipal para oir su opinión respecto de él, este organismo nada ha dicho, y la tardanza en solucionar el asunto perjudica notablemente la buena marcha de la administración municipal. *Por tanto,* el alcalde que suscribe, en armonía con las disposiciones de la sección 32 de la Ley Municipal y las de la ordenanza para definir los deberes de los empleados del Municipio de Yabucoa, P. R., vigentes. *Resuélve:* Destituir y separar del cargo de inspector de beneficencia de este municipio al Doctor Julio Cintrón, por los motivos ya explicados, y que así se notifique al interesado que actualmente está suspendido en el ejercicio de sus funciones, cuya separación tendrá efecto desde el día de hoy.''

Aparece de las minutas de la reunión que tuvo lugar en 26 de septiembre, que:

''Se dió cuenta con un mensaje del alcalde de fecha 14 de septiembre de 1916, que dice así: 'Al Concejo Municipal. Señores: En vista de que el transcurso del tiempo que pasa puede perjudicar la buena marcha de la administración, por no resolverse el asunto del inspector de beneficencia, Sr. Cintrón, he decidido dejar cesante a éste, ya que

convencido estoy, hasta la evidencia, de que es un mal empleado pú-
blico para este pueblo.　Atentamente, José L. Berríos.　Alcalde.'
Enterado el concejo acuerda, que siendo éste un asunto de la exclusiva
competencia del alcalde, dar por hecho lo resuelto por dicha autoridad.
El Presidente propone se haga constar en esta acta, que el Doctor
Cintrón puede hacer uso, si quiere, del derecho que le da la ley.　Se-
cundada debidamente esta proposición, por el concejal Sr. Berríos,
y luego de discutirse, fué sometido a votación, resultando de ella que
los concejales Cintrón y Sostres votaron en contra, el señor Rodríguez
se abstuvo de votar, obteniendo por consiguiente los votos de la pre-
sidencia y del Señor Berríos.''

Tres días después, radicó el Dr. Cintrón su petición de
*mandamus* interesando su inmediata reposición en el cargo.

Parece que los miembros de la comisión nombrada para
investigar los cargos, en vez de proceder en seguida a hacer
la investigación se comprometieron a solucionar la cuestión
en alguna forma por medio de entrevistas personales con el
alcalde y el inspector de beneficencia.　Por indicación del
alcalde, y después de alguna discusión respecto a la duración
de la licencia, estuvo por último conforme el inspector en
solicitar una vacación o licencia de quince días.　Alega el
inspector que ésta era una solución o arreglo definitivo de
todo el asunto, mientras que el alcalde sostiene que mera-
mente fué una especie de tregua temporal, concedida con el
sólo fin de dar tiempo al doctor para pensar sobre el asunto.
Sea como fuere, y el punto no es importante sino que simple-
mente se menciona como medio de explicar la demora por
parte del concejo y la relación del alcalde con ella, el doctor
fué prontamente separado del cargo al tratar nuevamente
de tomar posesión del mismo vencido el término de la licencia
que de tal modo fué fijado de mutuo acuerdo.

La prueba aducida comprende también un gran número
de cartas cruzadas entre el alcalde y el inspector, corres-
pondencia que empieza en octubre de 1915 con la simple dis-
cusión sobre ciertas diferencias de criterio sin importancia,
referente a pequeños detalles de carácter administrativo y
que gradualmente va recrudeciéndose y tomando a la vez

un carácter personal por su tono y termina con una investigación *ex parte* practicada por el alcalde en junio de 1916, respecto a un número de cosas, habiendo sido remitida por el alcalde al concejo copia tanto de dicha correspondencia como de las declaraciones de los testigos que fueron examinados sin la formalidad de un juramento, en unión de los cargos arriba citados, basados en dicha investigación. Pero según el criterio que formamos de la cuestión nada tenemos que ver ahora con los méritos intrínsecos de esta contienda de palabras.

En el caso de *Belaval* v. *Todd,* 22 D. P. R. 633, dejamos indicado que un director de hospitales municipales tiene derecho tanto a una notificación como a una audiencia antes de su separación del cargo por el alcalde ''por justa causa.'' En dicho caso dijimos lo siguiente:

''Con sujeción a las prescripciones del estatuto y a la clase de los empleados existe la tendencia en casi todos los Estados de exigir que tenga lugar un procedimiento semejante a un juicio en el cual se da al funcionario o empleado la oportunidad de defenderse y presentar prueba; oportunidad que generalmente debe darse aun cuando la cuestión relativa al peso de la prueba, o si la prueba es suficiente o no esté confiada únicamente a la discreción de la junta o persona que destituye al peticionario; en otras palabras, el funcionario o persona que va a ser destituída debe haber tenido la oportunidad de defenderse ante la persona o junta que tiene la facultad de hacer la destitución.''

En verdad que los cargos no necesitan ser formulados con aquella habilidad técnica que ordinariamente despliega un fiscal al redactar una acusación, ni como también hemos sugerido en el caso que acabamos de citar, es necesario que sean observadas todas las formalidades de un juicio. De un alcalde, por ejemplo, difícilmente puede esperarse que analice la prueba en cuanto a su admisibilidad tan minuciosamente, ni que se ajuste de un modo tan estricto a los requisitos exigidos por el Código de Enjuiciamiento Criminal, como podría exigirse a un juez de distrito, o municipal, que dirige un juicio en una causa criminal.

Pero una audiencia significa y lo exigen los dictados de la justicia común, que el funcionario a quien trata de separarse de su cargo se le hará una notificación razonable de los actos específicos u omisiones de que se le acusa; que se le dé una oportunidad razonable para defenderse, y si lo deseare, permita confrontarse y repreguntar a los testigos en su contra.

La regla como ha sido tomada de las mejores autoridades, ha quedado bien expresada por el Juez Dillon en su obra sobre Corporaciones Municipales, Tomo II, (4ª. edición), página 810, párrafo 482, la cual es como sigue:

"Tiene que haber un *cargo* o cargos contra él, *formulados específicamente* con certeza substancial; sin embargo, no es necesaria aquella precisión técnica que se exige en las acusaciones. Y debe dársele *un tiempo razonable y oportunidad para contestar* los cargos y presentar su prueba; y tiene además derecho a ser oído y defendido por abogado, a repreguntar a los testigos y excepcionar las pruebas en su contra. Si no fuere negado el cargo, de no admitirse, tiene, sin embargo, que ser examinado y probado. Pero las reglas técnicas que han sido adoptadas judicialmente relativas a procesos criminales no han de ser aplicadas a estas investigaciones, porque, aunque es propio que los procedimientos para privar a las personas de derechos comunes por supuestos delitos deben quedar comprendidos en límites estrictos, la separación de funcionarios incompetentes o que observan mala conducta, de sus cargos de autoridad y responsabilidad debe ser fácil y rápida y no se exigirán formalidades de ninguna clase que por sí no sean garantía de la justicia."

No hay duda de que el funcionario a quien se ataca puede, si quiere, renunciar a cualquiera de estos privilegios, pero en este caso no parece existir cuestión alguna de que haya habido tal renuncia. La primera queja del alcalde aparentemente se hizo al concejo municipal y entonces el peticionario, haciendo caso omiso de su notificación formal, solicitó inmediatamente por escrito que se hiciera una investigación completa del asunto. Al ser notificado luego de los doce supuestos cargos, contestó prontamente y en forma detallada, a cada uno de los cargos, y habiendo sido sometido el asunto en su totalidad a la consideración del concejo municipal por

el alcalde y dispuesto el concejo que se hiciera una investigación, nombrando al efecto una comisión, y habiendo dicha comisión tratado personalmente el asunto con el alcalde y el inspector de beneficencia, tenía este último derecho a esperar que si el asunto no se dejaba, como alega que así lo entendió, sería que procedería la investigación en forma. Si por el hecho de dejar, al contestar los cargos, de pedir de nuevo que se hiciera una investigación y diera la oportunidad de examinar a los testigos presentados contra él y de introducir prueba en su propia defensa hubiera de considerarse que ha renunciado a su privilegio, el alcalde, en cambio, dejó de aprovecharse de esa circunstancia entonces, pero optó por someter todo el asunto al concejo y ratificar y aprobar luego la acción tomada por ese cuerpo al ordenar que se hiciera la investigación y nombrar su comisión con tal objeto. De donde se infiere en lo que respecta a este aspecto del caso, que está el alcalde efectivamente tan impedido para actuar sin la formalidad de una audiencia, como podría haberlo estado el peticionario para solicitarla si hubiera procedido inmediatamente el alcalde a su separación al recibir su contestación a las preguntas que le fueron hechas en la comunicación de agosto 4. Hacemos, de paso, mención de esto, simplemente para demostrar que no está necesariamente envuelta la cuestión relativa al abandono o renuncia de su privilegio, y no habrá de entenderse que este tribunal quiere indicar que el peticionario en realidad en alguna ocasión renunció a su derecho de ser oído.

En vista de las circunstancias, nos vemos obligados a resolver, prescindiendo de toda cuestión relativa a notificación, que el peticionario, sin haber razón que lo justifique, fué privado de su derecho a ser oído y que debe concedérsele el remedio que solicita.

> *Declarada con lugar la solicitud y orde-
> nada la reposición del peticionario sin*

> *especial condena de gastos, desembolsos*
> *y honorarios de abogado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.