Juan José Peña, demandante y apelado, *v.* Asamblea Municipal de Santa Isabel, Puerto Rico, demandada y apelante.

No. 4078.—*Visto:* Abril 1, 1927. *Resuelto:* Junio 7, 1927.

Corporaciones Municipales—Poderes Gubernamentales y Funciones en General—Facultades de las Asambleas Municipales—Facultad para Declarar Una Vacante en su Seno.—Las asambleas municipales no pueden declarar vacante el puesto de un asambleísta sin darle oportunidad de ser oído sobre el motivo de tal declaración.

SENTENCIA de *Rafael López Antongiorgi,* J. (Guayama), declarando con lugar solicitud de certiorari, con costas y honorarios. *Confirmada.*

*Leopoldo Tormes,* abogado de la apelante; *T. Bernardini de la Huerta,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La cuestión a resolver en este recurso es la de si una asamblea municipal puede declarar vacante el puesto de uno de sus miembros contra la voluntad del dicho miembro y sin darle oportunidad de ser oído sobre el motivo de la declaración.

Juan José Peña formaba parte de la Asamblea Municipal de Santa Isabel. En una de sus sesiones, dicha asamblea, basándose en que Peña no era elector capacitado del municipio, sin oirlo, declaró vacante su puesto. Peña acudió a la Corte de Distrito de Guayama en solicitud de un auto de *certiorari* que revisara el procedimiento. Expidió la corte el auto. Oyó a las partes y decidió finalmente que el acuerdo de la Asamblea era nulo. La Asamblea entonces recurrió para ante este tribunal.

Creemos que el recurso carece de mérito alguno y que la sentencia de la corte de distrito se sostiene por los fundamentos expresados por el juez en su opinión, a saber:

"El artículo 63 de la Ley Municipal dispone que: Las cortes de distrito tendrán jurisdicción a instancia de parte perjudicada:

"(a).—Para anular o revisar cualquier acto legislativo o administrativo de la Asamblea Municipal, del Alcalde o de los demás funcionarios municipales que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o las leyes de Puerto Rico, mediante *certiorari.*

"¿Lesionó el acuerdo en cuestión los derechos constitucionales del demandante o es contrario a la Ley Orgánica o a las leyes de Puerto Rico? Entendemos que esta pregunta debe contestarse afirmativamente. El peticionario tenía derecho, a nuestro juicio, a que se le informase de las causas o motivos que existieron para declarar vacante su cargo, o lo que es igual, para acordar su separación del

mismo, así como también a que se le diera la oportunidad de examinar la evidencia ofrecida en su contra y presentar su defensa. No se le concedió este derecho, no apareciendo del "return" que el acuerdo se hubiere tomado después de haberse notificado al peticionario de los cargos que le hacían y de habérsele brindado la oportunidad de defenderse. Nuestra Ley Municipal no contiene precepto alguno que autorice a la Asamblea a declarar vacante el cargo de asambleísta por el motivo de incapacidad que se alega en este caso. Y a falta de disposición expresa en la Ley, la Asamblea no puede actuar en la forma que lo hizo declarando vacante el puesto de Juan José Peña. Las corporaciones municipales no tienen más poderes o atribuciones que aquéllos que el estatuto expresamente les confiere.

"Generalmente los cuerpos legislativos son los únicos jueces de la elección y capacidad de sus miembros, pero este principio para poder aplicarse a las asambleas municipales sería necesario que la ley expresamente así lo dispusiera, máxime en un caso como el presente en que no aparece que la designación del demandante hubiera sido impugnada al tiempo de tomar posesión del cargo y si algunos meses después de habérsele dado asiento entre los demás miembros de la Asamblea. Creemos que si el demandante no reúne los requisitos que la ley exige para ocupar el cargo de miembro de la Asamblea, ésta o cualquier ciudadano contribuyente y residente de la municipalidad, tiene en ley un remedio adecuado para solicitar y obtener su separación del cargo. ¿Por qué no ejercitar ese remedio? Declarar vacante su sitio por la Asamblea en la forma que ésta lo ha hecho equivale, en nuestro sentir, a expulsar al demandante del referido cuerpo, sin que se le haya dado la oportunidad de una defensa.

"Sobre este punto veamos lo que dice Ruling Case Law, vol. 19, párrafo 198, página 899, a saber:

" '198.—Expulsión de miembros.—Se considera generalmente que un concejo municipal tiene el poder inherente o incidental de expulsar a uno de sus miembros, pero ese poder no puede ejercerse en la misma forma libre y sin freno que el poder para juzgar la elección y calificación de miembros, y no puede efectuarse so color de tal poder. Habiendo ya tomado posesión de su cargo un miembro, el concejo no puede posteriormente hacer una nueva investigación de su elección y capacidad y expulsarlo por no estar debidamente habilitado. La separación o expulsión de un miembro sólo puede realizarse legalmente por justa causa y mediante una vista, y el funcionario debe tener conocimiento razonable de los cargos, tal como

fueron formulados, así como de la fecha y lugar de la vista. En dicha vista debe permitírsele que repregunte a los testigos en su contra, dentro de las reglas de evidencia. Su propia declaración y la de los testigos de defensa deben ser oídas enteramente dentro de las mismas reglas. La vista debe ser completa e imparcial y ante un tribunal pacienzudo y sin prejuicios. El procedimiento es contencioso o judicial en su naturaleza, y cuando el estatuto guarda silencio sobre determinado extremo, deben observarse los principios fundamentales de la ley común. Si no se le conceden estos derechos al miembro que se trata de expulsar, él puede anular los procedimientos por medio de *certiorari,* y aún si no da tal paso, las cortes lo considerarán como el poseedor del cargo.''

*Debe confirmarse la sentencia recurrida.*