BASILIO PIÑERO, ET ALS., demandantes y apelantes, *v.* RAFAEL SANCHO BONET, TESORERO DE PUERTO RICO, demandado y apelado.

Núm. 7644.—*Sometido:* Abril 21, 1938. *Resuelto:* Julio 12, 1938.

---

* NOTA: Véase el prefacio.

*Miguel Guerra-Mondragón,* abogado de los apelantes; *Hon. Procurador General B. Fernández García* y *Enrique Córdova Díaz, Subprocurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El día 20 de septiembre de 1937 los peticionarios, Basilio Piñero y otros, radicaron en la Corte de Distrito de San Juan una demanda enmendada de *injunction* contra Rafael Sancho Bonet, en su capacidad de Tesorero de Puerto Rico, para que se abstuviera, por sí o por medio de sus subalternos, de cobrar la contribución impuesta por una ordenanza del Municipio de Río Piedras, adoptada en sesión extraordinaria de la Asamblea Municipal de dicho pueblo, celebrada el 23 de febrero de 1937 y aprobada respectivamente por el alcalde y por el Consejo Ejecutivo de Puerto Rico, en 24 de febrero y 23 de marzo de 1937. Alegaron los peticionarios en la corte de distrito que dicha ordenanza es nula:

"(*a*) Porque no fué expuesta al público, cual lo estatuye por manera imperativa el inciso (*c*) del artículo 46 de la Ley núm. 53 de 23 de abril de 1928 (pág. 335), por un término no menor de 20 días;

"(*b*) Porque no fué publicada, antes de ser sometida al Consejo Ejecutivo, en un periódico de Puerto Rico de gran circulación, tal cual lo dispone el citado inciso (*c*) del artículo 46 de la Ley núm. 53 de 1928, sino que fué publicada en el periódico 'El País,' que no es un diario de gran circulación;

"(*c*) Porque no llegó a poder del Tesorero de Puerto Rico, debidamente aprobada por el Consejo Ejecutivo, el día quince o antes del mes de marzo de 1937 sino que llegó a poder del demandado el día 23 de dicho mes, en violación abierta de

lo previsto en el segundo párrafo del apartado (2) del inciso (c) del artículo 46 de la mencionada ley núm. 53 de 1928;

"(d) Porque parte del fondo especial que la sección 2a. de dicha ordenanza crea será aplicado a obras y fines cuyo costo es incluíble y está incluído en el presupuesto de fondos ordinarios del Municipio de Río Piedras;

"(e) Porque la sección 4a. de dicha ordenanza pugna con lo estatuído en el párrafo segundo del apartado (2) del inciso (c) del artículo 46 de la mencionada ley núm. 53 de 1928 por cuanto que por dicha sección se intenta extender el término por el que habrá de regir la contribución adicional impuesta por la sección 1a. de dicha ordenanza."

También alegaron que:

". . . carecen de todo otro recurso que les brinde rápido, eficaz y adecuado remedio, ya que de acogerse a las disposiciones de la Ley núm. 8, 'disponiendo el pago de contribuciones bajo protesta,' aprobada el 19 de abril de 1927, se verían privados de su propiedad sin el debido procedimiento de ley, por razón de que:

"(a) Dicha ley no dispone la creación de un *trust fund* que asegure en cualquiera eventualidad la devolución al contribuyente de las contribuciones indebidamente cobradas, más los intereses;

"(b) Dicha ley dispone arbitrariamente que las contribuciones municipales indebidamente cobradas se le paguen al contribuyente, después de sentencia final, en dos plazos: la mitad en el primer semestre y la otra mitad en el segundo semestre del siguiente año económico; posponiendo, en esta forma, la devolución de lo recaudado, por el término de un año;

"(c) Dicha ley no provee el pago de intereses al contribuyente sobre la cantidad satisfecha bajo protesta en el caso de que la contribución, por ser ilegal, sea recobrable."

El 7 de septiembre de 1937, al radicarse la demanda original, la corte inferior señaló el día 21 de ese mismo mes para oír a las partes, dejando hasta tanto en entredicho al demandado, previa fianza de $3,000. El día señalado compareció el Tesorero para impugnar la demanda y solicitar que se dejase sin efecto la orden de entredicho, por entender, entre otras cosas, que de acuerdo con el artículo 83 de la

Ley núm. 53, "Estableciendo un sistema de gobierno local para los municipios de Puerto Rico," aprobada en 28 de abril de 1928, Leyes de ese año, págs. 335, 399, la acción estaba prescrita.

El 30 de octubre de 1937 la corte inferior desestimó la petición de *injunction* preliminar y anuló la orden de entredicho basándose para ello en que la acción estaba prescrita, tal cual lo alegaba el demandado. Los peticionarios apelaron de esa resolución para ante esta Corte Suprema.

Los cuatro señalamientos de error que aparecen en el alegato de los apelantes presentan a nuestra consideración dos cuestiones fundamentales que pueden expresarse así:

1ª. ¿Erró la Corte de Distrito de San Juan al decidir que la acción de los demandantes estaba prescrita a tenor del Artículo 83 de la Ley Municipal de 1928, y por el transcurso de 30 días a contar desde la publicación de la ordenanza en el periódico "El País"?

2ª. ¿Cometió error la corte inferior al desestimar la petición de *injunction* preliminar?

La facultad del Municipio demandado para aprobar una ordenanza como la impugnada en el presente caso, se deriva del artículo 46, inciso (*c*), de la Ley núm. 53 de 1928, que lee así:

"Los ingresos municipales consistirán:

"(*a*) . . . . . . . . .

"(*b*) . . . . . . . . .

"(*c*) En cualquier recargo de la contribución sobre la propiedad imponible del municipio, siempre que así se acordare, por lo menos, *por las dos terceras partes del número total de miembros de que se componga la Asamblea Municipal. Las ordenanzas imponiendo estos recargos requerirán la aprobación del Consejo Ejecutivo, previo informe del Tesorero de Puerto Rico.* Dicho recargo no podrá exceder del uno por ciento sobre la valoración de la propiedad, computándose cualquier contribución adicional sobre dicha valoración, para fines municipales autorizada al presente, o que en lo futuro se autorizare. Dichas ordenanzas *deberán ser expuestas al público por un término no menor de veinte días y publicadas dos veces en una*

*semana en un periódico de Puerto Rico de gran circulación antes de ser sometidas al Consejo Ejecutivo.* Tal recargo o contribución adicional sobre la valoración de la propiedad, solamente podrá destinarse a los fines siguientes:

". . . Dicho recargo o contribución adicional sobre la valoración de la propiedad se recaudará por el Tesorero de Puerto Rico, sirviendo de autoridad al efecto, una copia certificada de la ordenanza que adoptare la Asamblea Municipal, *aprobada en la forma dispuesta en el inciso (c) de este artículo* y se impondrán tomando como base la tasación hecha por el Departamento de Hacienda.

"Dicho recargo o contribución adicional sobre la valoración de la propiedad cuando haya de aplicarse a los fines especificados en el apartado (2) de este artículo, podrá imponerse solamente para regir durante el año económico siguiente a aquél en que se aprobare la ordenanza correspondiente; pero cuando haya de aplicarse al pago de empréstitos con sus intereses—apartado (1) de este artículo— podrá imponerse para los años que sean necesarios hasta la total redención de dicho empréstito e intereses. En ningún caso este recargo o contribución adicional sobre la valoración de la propiedad podrá cobrarse en el mismo año económico en que fuere votado por la Asamblea Municipal y aprobado por el Consejo Ejecutivo. La ordenanza de la Asamblea Municipal imponiendo cualquier contribución adicional incluyendo la conocida por 'school tax,' sobre la valoración de la propiedad, *deberá estar en poder del Tesorero de Puerto Rico, debidamente aprobada por el Consejo Ejecutivo, el día quince o antes del mes de marzo.* Si algún municipio dejare de aprobar por cualquier circunstancia la ordenanza correspondiente para imponer en cualquier año económico la contribución para escuelas conocida por 'school tax,' la referida contribución se entenderá, y por la presente se ordena que se dé por impuesta, para regir en dicho año económico, al mismo tipo que rigió en el año anterior y el Tesorero de Puerto Rico deberá proceder a su cobro en la forma acostumbrada." (Bastardillas nuestras.)

Reduciendo a términos más simples el proceso por el cual se convierte en ordenanza un proyecto para recargar la contribución sobre la propiedad imponible, vemos que consiste de los siguientes trámites:

1. El proyecto imponiendo el recargo debe ser aprobado por lo menos por las dos terceras partes del número total de miembros de que se componga la Asamblea Municipal.

2. Deberá ser expuesto al público por un término no menor de veinte días.
3. Deberá ser publicado dos veces en una semana en un periódico de Puerto Rico de gran circulación antes de ser sometido al Consejo Ejecutivo.
4. Informe del Tesorero de Puerto Rico.
5. Aprobación por el Consejo Ejecutivo.
6. Deberá estar en poder del Tesorero de Puerto Rico debidamente aprobado por el Consejo Ejecutivo, el día 15 o antes del mes de marzo.

El artículo 83 de la Ley Municipal dispone:

"Artículo 83.—Las cortes de distrito tendrán jurisdicción a instancia de parte perjudicada:

"(a) Para anular o revisar cualquier acto legislativo o administrativo de la Asamblea Municipal, de la Junta Administrativa, del Alcalde o de los demás funcionarios municipales que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o a las leyes de Puerto Rico, mediante *certiorari;*

"(b) Para suspender, mediante *injunction,* la ejecución de cualquiera ordenanza, acuerdo, resolución u orden que lesione derechos garantizados por la contribución (el texto inglés dice 'Constitution') o las leyes insulares;

"(c) Para compeler mediante auto de *mandamus,* al cumplimiento de deberes ministeriales por los funcionarios municipales;

"(d) Para conceder, mediante juicio ordinario, compensación de daños y perjuicios a los perjudicados por actos u omisiones de los funcionarios municipales por malicia, negligencia, o ignorancia inexcusables.

"En los dos primeros casos la parte perjudicada podrá solamente establecer la demanda correspondiente dentro del plazo de treinta días a contar de la fecha en que el acto ejecutivo o administrativo haya sido realizado o que la ordenanza, acuerdo, resolución u orden hayan sido promulgados o comunicados a la parte querellante; *Entendiéndose,* que cuando la ordenanza o resolución deba ser publicada de acuerdo con esta Ley, el término expresado de treinta (30) días, empezará a contarse desde la fecha de la publicación de dicha ordenanza o resolución."

La ordenanza en cuestión dispone (sección 5a.) que ésta "entrará en vigor tan pronto la misma sea aprobada por el

Consejo Ejecutivo de Puerto Rico, y sus disposiciones, en tanto en cuanto a la imposición de la contribución se refiere, a partir del día primero de julio de 1937.'' De la certificación presentada por los demandantes aparece que la ordenanza fué aprobada por el Consejo Ejecutivo de Puerto Rico el día 23 de marzo de 1937. No encontramos disposición legal alguna que exija, como requisito esencial para su validez y efectividad, que una ordenanza deba ser publicada después de ser aprobada por el Consejo Ejecutivo. Debemos resolver por lo tanto que la ordenanza en este caso empezó a regir el día 23 de marzo de 1937, al ser aprobada o promulgada por el Consejo Ejecutivo de Puerto Rico.

El artículo 83 de la Ley Municipal, supra, fija un término de treinta días dentro del cual la parte que se considere perjudicada por una ordenanza municipal podrá establecer demanda de *certiorari,* para la anulación o revisión de la ordenanza, o de *injunction* para suspender su ejecución. La única cuestión envuelta en el presente caso es: ¿Cómo y cuándo empezará a correr el término prescriptivo? El estatuto es a nuestro juicio lo suficientemente claro, para que basándonos en él podamos enunciar las siguientes reglas:

1ª. Cuando se trata de una ordenanza que requiere para su validez la aprobación del Consejo Ejecutivo, el plazo de treinta días para establecer demanda de *certiorari* o de *injunction* deberá computarse a partir de la fecha en que la ordenanza haya sido promulgada o aprobada por el Consejo Ejecutivo.

2ª. Cuando se trata de una ordenanza que sólo requiere para su validez la aprobación y firma del alcalde, el término de treinta días deberá contarse a partir de la fecha en que la ordenanza haya sido notificada a la parte querellante.

3ª. Cuando se trata de una ordenanza que tenga sanción penal y que deba ser publicada de acuerdo con lo que dispone el artículo 74 de la Ley Municipal, o en cualesquiera otros casos en que la publicación de una ordenanza o resolu-

ción sea requisito esencial para su validez, el término de treinta días deberá contarse desde la fecha de la publicación de la ordenanza o resolución.

En el caso de autos la publicación de la ordenanza después de su aprobación por el Consejo Ejecutivo no es requisito esencial para su validez. La ordenanza empezó a regir el día 23 de marzo de 1937, fecha de su aprobación por el Consejo. Y de acuerdo con su sección 5a., la imposición de la contribución empezó a regir el día 1 de julio de 1937. La demanda original fué interpuesta el día 7 de septiembre de 1937, o sea cinco meses y catorce días después de haber sido aprobada la ordenanza por el Consejo Ejecutivo y sesenta y siete días después de haber quedado impuesta la contribución.

No erró el tribunal inferior al sostener que el término fijado por el estatuto para suspender la ejecución de la ordenanza mediante *injunction* había transcurrido con exceso y que la acción estaba prescrita.

*Debe confirmarse la resolución.*

El Juez Asociado Señor De Jesús no intervino.