RÓMULO CORRADA, FELIPE MALDONADO y RAMÓN PABÓN, querellantes y apelados, *v.* LA ASAMBLEA MUNICIPAL DE MOROVIS Y SUS MIEMBROS, etc., y el ALCALDE MUNICIPAL DE MOROVIS, ANTONIO M. COLÓN, querellados y apelantes.

Número 11435.

*Sometido:* 2 de abril de 1956. *Resuelto:* 31 de mayo de 1956.

*Ángel Manuel Ciordia* y *C. H. Juliá,* abogados de los apelantes; *Antonio Reyes Delgado,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR SALDAÑA emitió la opinión del Tribunal.

El art. 21 de la Ley Municipal dispone que "si un miembro de la asamblea falta tres días consecutivos a la sesión, sin causa justificada, la asamblea podrá declarar vacante su puesto." 21 L.P.R.A. sec. 96. Fundándose en que habían faltado tres días consecutivos a la sesión sin causa justificada, la Asamblea Municipal de Morovis declaró vacantes los cargos de tres asambleístas. Este acuerdo se tomó el 10 de octubre de 1953, en ausencia de los tres miembros de la asamblea que fueron depuestos, sin que éstos recibieran aviso previo de la acción que se proponía tomar la Asamblea Municipal y sin darles oportunidad de ser oídos sobre la existencia de la causa justificada a que se refiere la ley. Además, el referido acuerdo nunca fué debidamente notificado (*i. e.* por escrito y oficialmente) a los miembros de la asamblea cuyos puestos fueron declarados vacantes. Para revisar o anular dichas actuaciones de la Asamblea

Municipal de Morovis, los tres asambleístas depuestos radicaron una solicitud de *certiorari* ante el Tribunal Superior, Sala de Arecibo, con fecha 28 de diciembre de 1953, de conformidad con las disposiciones del art. 83 de la Ley Municipal. 21 L.P.R.A. sec. 324.(¹) Celebrada la vista del caso en sus méritos, el tribunal a quo anuló el acuerdo de la asamblea municipal mediante sentencia que dictó el 10 de marzo de 1954 y contra la cual se interpuso el presente recurso de apelación.

En primer lugar, la parte apelante señala que era tardía la solicitud de revisión presentada el 28 de diciembre de 1953. Arguye que el acuerdo de la asamblea municipal declarando vacantes los cargos aludidos constituye un "acto ejecutivo o administrativo" y que, bajo el art. 83 de la Ley Municipal, el plazo de treinta días para acudir ante el Tribunal Superior empezó a correr desde la fecha en que se realizó dicho acto, a saber, desde el 10 de octubre de 1953. Nos parece obvio que no tiene razón. La asamblea municipal, antes de declarar vacante el cargo de uno de sus miembros, en virtud del referido art. 21, lógicamente

---

(¹) Dicho artículo dispone en su parte pertinente:

"El Tribunal Superior tendrá jurisdicción a instancia de parte perjudicada:

"(a) Para anular o revisar cualquier acto legislativo o administrativo de la asamblea municipal, de la junta administrativa, del alcalde o de los demás funcionarios municipales que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o a las leyes de Puerto Rico, mediante certiorari;

"(b) Para suspender, mediante injunction, la ejecución de cualquiera ordenanza, acuerdo, resolución u orden que lesione derechos garantizados por la Constitución o las leyes estaduales;

"(c) .

"(d) .

"En los dos primeros casos la parte perjudicada podrá solamente establecer la demanda correspondiente dentro del plazo de treinta días a contar de la fecha en que el acto ejecutivo o administrativo haya sido realizado o que la ordenanza, acuerdo, resolución u orden hayan sido promulgados o comunicados a la parte querellante; Entendiéndose, que cuando la ordenanza o resolución deba ser publicada de acuerdo con este subtítulo, el término expresado de treinta (30) días, empezará a contarse desde la fecha de la publicación de dicha ordenanza o resolución."

tiene que determinar: *primero*, que el asambleísta faltó a la sesión en tres días consecutivos; y *segundo*, que no hubo causa justificada para la ausencia. Se trata pues de una facultad cuasijudicial y la resolución que se dicte al amparo de la misma debe ser notificada a la parte perjudicada. Véase 4 McQuillin, *The Law of Municipal Corporations* (3d ed.), 13.03; 62 C.J.S. *Municipal Corporations*, sec. 390, y los demás casos allí citados; Davis, *Administrative Law* (1951) págs. 779 et seq. En tal caso la demanda de *certiorari*, para la anulación o revisión de dicho acto, o de *injunction*, para suspender su ejecución, debe interponerse dentro de un plazo de treinta días a contar de la fecha en que el acuerdo, resolución u orden haya sido notificado a la parte perjudicada. Así lo dispone expresamente el art. 83 de la Ley Municipal. Y en el caso de autos la acción no podía resultar tardía ya que la asamblea municipal nunca notificó a los demandantes el acuerdo que declaró vacantes sus cargos.[2]

En segundo lugar, apunta la parte apelante que el tribunal sentenciador incidió en error al resolver que no se puede declarar vacante el puesto de un asambleísta municipal, bajo el art. 21 de la ley, sin que la persona que haya de resultar afectada por la actuación cuasijudicial reciba aviso previo de la acción que se contempla y tenga la oportunidad de ser oída y de ofrecer la prueba de que disponga. Este señalamiento no merece seria consideración. La facultad de declarar vacante el cargo de un asambleísta equivale al poder de ordenar la deposición o expulsión de uno

---

[2] El remedio de certiorari que concede el art. 83 de la Ley Municipal de 1928, igual que bajo el antiguo art. 65 de la Ley Municipal de 1919, alcanza a los actos legislativos y ejecutivos de los organismos y funcionarios municipales, sin estar circunscrito, conforme a la regla general de la jurisprudencia americana, a los actos cuasijudiciales. *Casanovas* v. *Municipio de Mayagüez*, 31 D.P.R. 281 (1922). Respecto a cómo y cuándo comienza a correr el plazo de treinta días dentro del cual la parte perjudicada por una *ordenanza* municipal puede establecer demanda de certiorari o de injunction, véanse *Piñero* v. *Sancho Bonet*, 53 D.P.R. 460 (1938); *Quiñones* v. *Asamblea Municipal*, 49 D.P.R. 403 (1936) y *Porras* v. *Concejo de Administración*, 37 D.P.R. 740, 746–747 (1928).

de sus miembros. En el ejercicio de dicha facultad la asamblea no puede actuar sin previa notificación ni vista. Cf. *Peña* v. *Asamblea Municipal*, 36 D.P.R. 889 (1927); *Asamblea Municipal* v. *Rodríguez*, 38 D.P.R. 947, 954 (1928); *Village of Hendrick* v. *Nelson*, 89 Pac. 755 (Idaho 1907); 62 C. J. S., supra, y los casos allí citados. Aun después de establecerse el hecho de que un asambleísta faltó a la sesión en tres días consecutivos, el estatuto requiere que dicha ausencia haya ocurrido *sin justa causa* como condición para la declaración de que su puesto está vacante. Es decir, la deposición o expulsión de un asambleísta bajo el art. 21 de la ley requiere la determinación de si hubo o no justa causa para la ausencia, lo cual necesariamente implica una audiencia administrativa o cuasijudicial. Cf. *Cintrón* v. *Berríos*, 24 D.P.R. 721 (1917); *Belaval* v. *Todd*, 22 D.P.R. 633 (1915).[3]

El tribunal a quo erróneamente resolvió que cuando se trata de un "acuerdo, resolución u orden" de carácter cuasijudicial, el art. 83 de la Ley Municipal sólo concede el remedio de injunction y no el de certiorari. El término "administrativo" en el inciso (*a*) del art. 83 incluye actos puramente ejecutivos y también actos de naturaleza cuasijudicial. Sin embargo, en el último párrafo del referido artículo, el vocablo "administrativo" se usó como sinónimo de "ejecutivo": al disponer que el plazo de treinta días comenzara a correr desde la fecha "en que el acto ejecutivo

---

[3] La revisión judicial mediante el certiorari especial que provee el art. 83 de la Ley Municipal debe limitarse a la revisión del récord de los procedimientos habidos ante la asamblea municipal, a los únicos fines de resolver si las determinaciones que exige al art. 21 están respaldadas por evidencia sustancial o si la asamblea municipal cometió errores de derecho. Aunque la persona que haya de resultar afectada por la actuación de la asamblea municipal debe recibir aviso previo de la acción que se contempla y tener la oportunidad de ser oída en una audiencia, no es necesario que se observen todas las formalidades de un juicio. Véase Davis, supra, págs. 273 a 329. La asamblea municipal debe hacer un récord completo de todos los procedimientos que se lleven a cabo ante ella, incluyendo la transcripción de la evidencia testifical ofrecida y la prueba documental. Véase *Ledesma* v. *Tribunal de Distrito*, 73 D.P.R. 396 (1952).

o administrativo haya sido realizado." Por tanto, la parte perjudicada por la actuación cuasijudicial de una asamblea municipal puede, de acuerdo con la ley, acudir al Tribunal Superior mediante certiorari, para anular o revisar dicha actuación, o mediante injunction, para suspender su ejecución.

No obstante, el tribunal a quo concedió a los demandantes el remedio a que tenían derecho, como si se tratase de un injunction, de acuerdo con las alegaciones y con la prueba, invocando la Regla 81 (*b*) de las de Enjuiciamiento Civil y los casos de *Nuñez* v. *Benítez*, 65 D.P.R. 864, 868–869 (1946) y *Sierra* v. *Nido*, 71 D.P.R. 905, 917 (1950). La parte apelante arguye que dicha regla no es aplicable a un procedimiento de certiorari especial bajo el art. 83 de la Ley Municipal y que, bajo el Código de Enjuiciamiento Civil, debió desestimarse la acción de certiorari. Sin embargo, de conformidad con el art. 191 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 894) el tribunal puede concederle al demandante lo que siendo compatible con lo alegado en la demanda, estuviere comprendido en el asunto objeto del litigio. De ahí que los hechos alegados y la prueba presentada, y no el título o la súplica de la demanda, constituyen la base determinante de la existencia de una causa de acción, aún bajo el art. 191 antes mencionado. En otras palabras, la Regla 81 (b) no alteró en nada la situación que existía en Puerto Rico bajo el Código de Enjuiciamiento Civil. Véanse *Rodríguez* v. *San Juan Fruit Co.*, 60 D.P.R. 437, 441 (1942); *Rodríguez* v. *Cortés*, 51 D.P.R. 605, 612 (1937); *Ochoa Fertilizer Corp.* v. *Seix*, 41 D.P.R. 914, 915 (1931); Clark, *Code Pleading* (2da. ed.) 1947, págs. 259 a 275. Además, como la apelación se da contra la sentencia y no contra sus fundamentos, cualquier error que haya podido cometer el tribunal a quo sobre este particular no sería motivo para revocar.

*La sentencia apelada será confirmada.*