Berrios, Demandante y Apelante *v.* Asamblea Municipal de Yabucoa, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Humacao en un procedimiento de *certiorari*.

No. 2637.—Resuelto en abril 27, 1922.

*Certiorari*—Ley Municipal—Contribuyentes: Sus Derechos en Relación con el Presupuesto Municipal — Cuando Deben Ejercitarse — Funcionarios Municipales.—Aunque interpretando liberalmente el inciso (*a*) del artículo 65 de la Ley Municipal de 1919 hubiera de considerarse a cualquier contribuyente como comprendido en la frase "parte perjudicada" allí contenida y, por tanto, con derecho a revisar mediante *certiorari* los actos administrativos y legislativos de los organismos y funcionarios municipales, el derecho de un contribuyente a un auto de *certiorari* para anular el presupuesto municipal tendría que ejercitarse antes de entrar dicho presupuesto en vigor, y de lo contrario el auto debe ser denegado; aparte de que su expedición o denegación siempre descansa en la sana discreción de los tribunales.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. González.*

Abogado de la apelada: *Sr. J. Soto Rivera.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La Corte de Distrito de Humacao, después de una vista a virtud de auto de *certiorari* librado para aprobar la validez de una ordenanza municipal, anuló el auto así expedido y declaró sin lugar la solicitud de *certiorari* presentada, entre otros motivos, por los siguientes:

"1. El artículo 45 de la Ley Municipal, según fué enmendado por Ley No. 9 de 12 de mayo de 1920, establece que el concejo de administración formará el presupuesto y lo publicará en la parte exterior de la casa municipal, en la colecturía de rentas internas, en el cuartel de la policía y en la corte municipal o de paz, por el término de diez días consecutivos, haciéndose constar al final del mismo que cualquier vecino de la municipalidad que desee oponerse o hacer objeciones con respecto a cualquiera de sus partidas deberá hacerlo por escrito al presidente de la asamblea municipal con anterioridad al día en que ésta deba reunirse, el cual día deberá indicarse claramente.

"El peticionario no parece haber usado de ese derecho que le concede la ley para solicitar de la asamblea la corrección o eliminación de las partidas relativas a sueldos y tributos que estima perjudiciales a sus intereses como contribuyente cuando dicho presupuesto se presume fué publicado, dando así a la asamblea una oportunidad para actuar en el asunto, y en estas condiciones nos parece improcedente el auto de *certiorari* para anular el presupuesto. Y llegamos a esta conclusión por la lógica que nos dice que el presupuesto de un municipio no puede quedar siempre abierto a impugnación u objeciones en sus partidas cuando ellas tienen una fecha fija para empezar a usarse, y la Ley Municipal determina tiempo y forma dentro del cual dichas objeciones pueden hacerse.

   *        \*        \*        \*        \*        \*        \**

"Este recurso de *certiorari* no fué establecido hasta el 20 de septiembre de 1921, esto es, seis meses después de haber sido aprobado y de haber comenzado a regir el presupuesto y de haber, por tanto, el municipio contraído obligaciones con cargo al mismo y no alegándose por el peticionario una razón especial que justifique la tardanza en su actuación, nos parece que en esta condiciones él no ha sido

diligente en la defensa de sus derechos, siendo por otra parte más grande a considerar los perjuicios que pudieran irrogarse al municipio con la anulación del presupuesto.

" 'Para que una parte que vea sus derechos lesionados por virtud de un procedimiento ilegal o defectuoso, pueda acogerse a los beneficios del auto de *certiorari,* es necesario que demuestre que ha ejercitado debida diligencia en la defensa de sus derechos. *Delgado v. Corte de Distrito de Mayagüez,* 8 D. P. R. 509; *Jiménez* v. *Corte Distrito San Juan,* 9 D. P. R. 334.' Véase además *Hernández* v. *Hutchison, Juez de Distrito,* 20 D. P. R. 517."

Los siguientes errores han sido alegados:

"1°. La corte cometió error aplicando indebidamente a este caso el artículo 45 de la Ley Municipal vigente.

"2°. La corte cometió error al denegar la petición de *certiorari* por el fundamento de que ésta se presentó después de estar en vigor el presupuesto."

El razonamiento bajo el primer señalamiento es que el peticionario funda su derecho en el apartado (*a*) del artículo 65 de la Ley Municipal, y que el artículo 45 de dicha ley no tiene nada que ver con el caso.

Se afirma, además, que la ordenanza es absolutamente nula toda vez que fué aprobada después de vencido el término fijado por la ley para la duración de las sesiones del concejo municipal y por tanto que puede ser atacada donde quiera y en cualquier momento. Pero no se cita ninguna autoridad, ya para sostener la interpretación que el apelante trata de dar al estatuto, en oposición a la interpretación dada por el concejo municipal, o para sostener la proposición de que una ordenanza aprobada después de vencido el término prescrito es absolutamente nula, o en apoyo de la conclusión de que en tales circunstancias no es de aplicación la regla invocada por la corte de distrito.

Respecto a la cuestión promovida en el segundo señalamiento de error dice el apelante lo siguiente:

"Las razones alegadas al tratar el error anterior son aplicables a este segundo error y no puede la corte, para sostener su doctrina, fundarse en las decisiones que cita de la Corte Suprema de Puerto Rico, porque estas decisiones se refieren única y exclusivamente a recursos de *certiorari* establecidos para anular decisiones judiciales y ninguna de ellas ha sido promulgada interpretando el artículo 65 de la Ley Municipal, que por primera vez, dió el recurso de *certiorari* para anular ordenanzas de los municipios cuando estas ordenanzas eran contrarias a las leyes de Puerto Rico.

"Las citas que hace el juez inferior de preceptos de jurisprudencia americana no tienen tampoco aplicación alguna porque ya la misma Ley Municipal determina que no sólo procede el recurso de *certiorari* cuando se lesionan derechos constitucionales, sino también cuando los actos realizados son contrarios a las leyes de Puerto Rico y hemos probado que el presupuesto aprobado lo fué en violación de los artículos 17 y 46 de la Ley Municipal, y aún suponiendo que el señor Berríos no fuera contribuyente, dicha ley concede a cualquier ciudadano el derecho a establecer el recurso objeto de este litigio.

"No es necesario que sufra perjuicio personal, pues basta sólo que el acto sea contrario a la ley como en el presente caso."

El artículo 65 de la Ley Municipal prescribe lo siguiente (bastardilla nuestra):

"Artículo 65.—Las cortes de distrito *tendrán jurisdicción* a instancia *de parte perjudicada*—

"(*a*) Para anular o revisar cualquier acto legislativo o administrativo de la asamblea municipal o concejo de administración o de los comisionados, que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o a las Leyes de Puerto Rico, mediante *certiorari;* \* \* \* ."

Leyes de 1919, pág. 721.

Claramente que la intención de la Legislatura fué conferir jurisdicción a las cortes para revisar la actuación administrativa y legislativa que con anterioridad a la aprobación de esta ley no podía considerarse mediante *certiorari.* No se prescriben nuevas reglas para el ejercicio de esta jurisdicción adicional, una vez que se invoque debidamente. Ni

puede la corte actuar a instancia de cualquier, o todo liti-
gante importuno, quien por razones que él mejor que nadie
conoce prefiere probar la validez de una ordenanza munici-
pal, sino solamente a instancia de "parte perjudicada." La
ley no invalida aquellas reglas y principios generales que
sirven de norma a las cortes aquí, como en otras partes, en
el ejercicio de una sana discreción sobre si debe o no expe-
dirse el auto.

Para los fines de esta opinión, sin embargo, puede admi-
tirse que es bastante amplio el texto del estatuto para com-
prender en un caso adecuado, si no en la mayoría de los mis-
mos, a cualquier contribuyente que no ha renunciado o per-
dido de otro modo el derecho inherente a tal condición legal
(*status*). Podría también admitirse, según el criterio que
tenemos de este caso, que porque no se comparezca ante el
concejo municipal, o acuda prontamente a las cortes, sin otra
cosa, la negativa del auto no estaría justificada. Pero la
corte inferior tenía derecho a considerar estas cuestiones en
relación con la de interés y conveniencia pública. Y en tanto
la decisión de la corte inferior puede basarse, o estar sos-
tenida, por el fundamento a que acabamos de referirnos, no
vemos error alguno que pueda ser materia de revocación.

"Se deniega propiamente el *certiorari* * * * cuando, si se
concediera el auto y anularan o revocaran los procedimientos, sobre-
vendrían consecuencias perniciosas y las partes o terceras personas
no podrían ser restablecidas en su *status quo*. El auto nunca se con-
cede cuando ha de producir un efecto contrario a la equidad y sería
injusto.

"Cuando resultara o pudiera resultar un gran detrimento o in-
conveniencia para el público por la intervención con los procedimien-
tos de organismos públicos que ejercitan derechos en los cuales el
pueblo en general está interesado, y de su negativa no resultaría
ningún perjuicio sustancial, el auto ha sido negado y su concesión
en tales casos es discrecional * * *

"Generalmente no se concederá el *certiorari* cuando el peticionario

ha sido culpable de abandono (*laches*), o no lo ha solicitado oportunamente, pero estas objeciones se dirigen a la sana discreción de la corte y el auto será concedido o denegado, según que con él se promuevan o no los fines de la justicia." 11 C. J., p. 130, 131, secs. 82, 83 y 86.

"Cuando la cuestión no está regulada por el estatuto o el procedimiento fijado, puede decirse como regla general que deberá solicitarse el auto dentro de un tiempo razonable, o será denegado o desestimado si ha sido expedido por descuido  *  *  *.

"Cuando la revocación de los procedimientos que tratan de revisarse resultaría en detrimento o inconveniente para el público, o puede perjudicar los intereses de la sociedad, se exige a la parte que actúe rápidamente al hacer su solicitud, y toda demora injustificada en proceder así justificará la negativa o la desestimación del auto. Por ejemplo, en el caso de mejoras públicas la demora injustificada es fatal.

"De modo que cuando el peticionario ha confiado en sus derechos y pospuesto su solicitud hasta que los procedimientos que pretendan revisarse han sido confirmados o cumplimentados y el dinero del público se ha gastado por tal motivo, el auto deberá ser denegado." Id. págs. 146, 147, secs. 133, 134 y 135.

"Aunque las autoridades públicas de una ciudad, pueblo, condado u otro organismo municipal puedan estar procediendo en una cuestión que afecte a los contribuyentes sin justificación legal, de modo que esté justificada la intervención de la corte a solicitud de un contribuyente, el remedio de los contribuyentes puede perderse por su abandono (*laches*) en solicitar el remedio." *Ann. Cases* 1913 C., p. 898.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.