Daniel Sosa, J. P. Miranda, Miguel Angel Torres, Ramón Llovet, Juan Falú, Emilio Egozcue y Dr. Manuel Miranda, peticionarios y apelantes, *v.* Asamblea Municipal de San Juan, y Dr. Manuel Pavía Fernández, Alcalde Sustituto del Municipio de San Juan, demandados y apelados.

No. 5189.—*Sometido:* Marzo 17, 1931. *Resuelto:* Julio 12, 1932.

*Diego O. Marrero, J. de Guzmán Benítez* y *F. H. Dexter,* abogados de los apelantes; *C. Coll y Cuchí,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La Asamblea Municipal de San Juan pasó la ordenanza No. 55, que fué desaprobada por el Contador (Auditor) de Puerto Rico, debido a haberse inflado determinadas partidas, a la ausencia de ciertas formalidades, a la omisión de varias asignaciones necesarias, y al hecho de que finalmente las erogaciones serían mayores que los ingresos creados. Entonces, con el propósito de reajustar el presupuesto, la asamblea municipal adoptó la ordenanza No. 91 con fecha 5 de octubre de 1929. En esta nueva ordenanza o presupuesto, la asamblea suprimió parcialmente y en parte consolidó ciertos cargos de tal forma que se trató de abolir determinado número de empleos. Todas o algunas de las personas que desempeñaban tales empleos incoaron este pleito a virtud del inciso (a) de la sección 83 de la Ley Municipal de 1928, alegando varios motivos de nulidad. Se le consideró como un procedimiento de *certiorari* bajo dicha ley, y se ordenó a los demandados, la Asamblea Municipal de San Juan y al Dr. Manuel Pavía Fernández, alcalde sustituto, que trajeran a la corte ciertos documentos, y por orden judicial la ordenanza fué dejada en suspenso hasta que otra cosa se dispusiera.

Uno de los fundamentos de nulidad era que la remoción de estos funcionarios se debía a causas políticas, toda vez que las personas que dirigían la administración municipal al tiempo de la aludida supresión pertenecían a un partido distinto al de las personas dejadas cesantes.

La Corte de Distrito de San Juan resolvió que no podían ser investigados por la corte los motivos que tuvo la asam-

blea municipal para suprimir estos cargos. Los apelantes alegan que se cometió error a este respecto y dedican una buena parte de su alegato para tratar de probar este error. Sientan como premisa mayor que una corte tiene derecho a examinar los actos administrativos de una asamblea. Como premisa menor sostienen que la ordenanza en cuestión fué un acto administrativo. Dudamos que una corte pueda indagar las razones determinantes de todos los actos administrativos, pero asumiremos que los apelantes tienen razón en su premisa mayor. Sin embargo, no tenemos duda de que están equivocados en su premisa menor. Una de las mismas autoridades citadas por los apelantes revela que la clase de acto municipal que puede ser considerado como administrativo es determinada obra o contrato. Los apelantes no nos convencen de que un presupuesto municipal o una ordenanza que lo ponga en vigor, en general no sea un acto de índole legislativa. Un cúmulo de cosas puede hacerse a virtud de una ordenanza fijando el presupuesto. Pueden proveerse fondos para edificios, ordenarse la construcción de escuelas, crearse nuevos cargos y establecerse varias otras relaciones que entran en la vida comunal. Sin seguir más adelante, estamos convencidos de que la aprobación ordinaria del presupuesto por una asamblea municipal es un acto legislativo. Todo aquel que crea que la aprobación del presupuesto no es un acto legislativo, puede acudir a las reseñas de algunas de las últimas sesiones del Congreso de los Estados Unidos.

Yendo un poco más lejos, de lo que los apelantes se quejan específicamente en este caso es de la supresión de sus cargos. No podemos ver cómo la supresión de un empleo pueda ser otra cosa que un acto legislativo. No hallamos que la corte de distrito cometiera error al negarse a considerar los fundamentos que tuvo la asamblea municipal para aprobar la ordenanza.

■■ Se atacó la capacidad de los peticionarios para instituir este recurso. La corte de Distrito de San Juan resolvió que tenían suficiente capacidad o interés para impug-

nar la ordenanza en lo que a su remoción la misma se refería, mas no para atacar otras partes de la ordenanza. Se señala como error esta resolución.

La corte inferior resolvió que la ordenanza No. 91 de octubre 5 de 1929 dejaba de cumplir con la sección 42, párrafo (b), de la Ley Municipal, y sin embargo se negó a declarar que la ordenanza era nula e ineficaz. Los peticionarios sostienen que la corte cometió error a este respecto. Los dos señalamientos que anteceden pueden ser discutidos conjuntamente.

Hemos examinado con detenimiento la Ley Municipal y no hallamos que se fije penalidad alguna por dejar de observar la sección 42 de la misma. Esa sección dispone:

"Los municipios no podrán asignar en sus presupuestos cantidad alguna para el pago de sueldos, sin que antes se hayan consignado por su orden los créditos necesarios para las siguientes atenciones:

"(a) Deudas por capital e intereses vencidos o que hubieren de vencerse dentro del año económico para el cual se forma el presupuesto, que no tenga fondos especialmente asignados para su amortización, mediante contribución especial;"

La ordenanza No. 91 no fué aprobada por el Contador de Puerto Rico debido a que el presupuesto disponía ciertos gastos en exceso de los ingresos. En cuanto hemos podido seguir los autos y los argumentos de los apelantes, la diferencia era una cantidad relativamente pequeña. Por tanto, los apelantes, en ausencia de una penalidad específica, no nos convencen de que una ordenanza municipal importante pueda ser totalmente destruída a causa de una diferencia tan pequeña. Creemos que el presupuesto podría ser corregido nuevamente en alguna forma o hacerse algún nuevo reajuste en conexión con la oficina del Contador de Puerto Rico. Es evidente que a menos que el presupuesto municipal deba subsistir o caer totalmente, los peticionarios, como empleados cesantes, no tenían interés en atacar el resto de la ordenanza o el haber dejado el municipio de "nivelar el presupuesto."

Sea como fuere, nos parece imposible que una ordenanza municipal contentiva del presupuesto fracase a instancias de una persona que no tiene otro interés que el derivado de la supresión de su cargo. La Corte de Distrito de San Juan dijo que si los peticionarios hubiesen instado este litigio como contribuyentes quizá hubiera surgido una situación distinta, pero dudamos que la corte de distrito, aun a instancias de un contribuyente, hubiera dictado un fallo distinto. Subsistía el hecho de que los peticionarios no alegaron que eran contribuyentes, sino que meramente se fundaron en haber sido removidos de sus cargos.

Tenemos otra duda en este caso: la de si los peticionarios tenían alguna causa de acción a virtud de la sección 83 de la Ley Municipal. Un contribuyente posiblemente la tenía, mas abrigamos la idea que estos funcionarios removidos de sus cargos debieron haber incoado algún pleito, como un *quo warranto,* impugnando su remoción o tratando de obtener daños y perjuicios. La diferencia que el presupuesto arrojaba no podía ciertamente favorecerles.

En el cuarto señalamiento de error se alega que la asamblea municipal no tenía facultad para aprobar la ordenanza No. 91 después de pasar la No. 55. De ser cierto esto, la ordenanza No. 55 continúa en vigor y los peticionarios ante los ojos de la ley tenían derecho a sus cargos y debieron haber radicado una petición de *quo warranto* o algo por el estilo. La contención de los apelantes parece algo inconsistente con la idea de que los peticionarios fueron ilegalmente removidos de sus cargos por la ordenanza No. 91. Por otra parte, hasta ahora somos de opinión que una asamblea municipal tiene la facultad de adoptar una ordenanza para corregir otra anterior tachada como defectuosa por el Contador de Puerto Rico. Tenemos dudas respecto a si la asamblea o el municipio dieron los pasos formales prescritos para la corrección del presupuesto, pero no estamos seguros de que

esa omisión destruya la ordenanza núm. 91, y como, según veremos, la causa debe sobreseerse, hallamos innecesario hacer una determinación más específica.

El quinto señalamiento de error lee así:

"La corte de distrito cometió error al no resolver que el presupuesto fijado por la ordenanza No. 91 era nulo e ineficaz en derecho, porque viola el artículo 34 de la Ley Orgánica de Puerto Rico en cuanto se relaciona con los artículos 7 y 24 de la Ley Municipal, porque el total del presupuesto de egresos excede al total del presupuesto de ingresos en la suma de $651.00."

Creemos que este señalamiento ofrece un apoyo pintoresco a las consideraciones anteriores de esta opinión, toda vez que nos parece imposible que cuando el total de un presupuesto asciende a más de $1,700,000, deba destruirse su efecto por cuestión de unos $651. En adición a lo que ya hemos dicho, creemos que quizá el municipio tendría el derecho de dejar sin efecto alguna asignación a fin de disponer de la diferencia.

■ ■ La parte apelada solicitó la desestimación del recurso fundándose en que la controversia se refería al año fiscal 1929–1930 solamente, y que como dicho año transcurrió en su totalidad, cualquier fallo de esta corte resultaría académico. Los apelantes sostienen que el recurso no lo es, ya que de serlo casi cualquiera apelación en casos como el presente resultaría académica, debido al tiempo que tarda en resolverse esta clase de litigio. La objeción casi se contesta por sí misma. Si por transcurso del tiempo el caso se convierte en académico, las dificultades de obtener un fallo en apelación no presentan obstáculo alguno para su desestimación. No existe una verdadera controversia.

Los apelantes alegan que durante la vista los apelados admitieron que el primer señalamiento de error tenía verdadera importancia. Por lo que podemos ver, las razones aducidas para la remoción de los peticionarios cada día tienen menos importancia, dado el tiempo transcurrido. La corte de distrito estaba tan en lo cierto al negarse a entrar en los

motivos de la asamblea que no podemos ver cómo la contención de los apelantes podría prevalecer.

Los apelantes no nos convencen con ninguna cita general de autoridades de que el presente recurso no sea académico.

Conforme hemos indicado antes en el curso de esta opinión, en lo que al mero derecho a los cargos se refiere, los peticionarios pudieron haber seguido un procedimiento distinto. Después que una causa ha llegado a ser académica, no es la misión del recurso especial de *certiorari* en casos municipales dilucidar los derechos *in pais* de personas removidas de sus cargos. Si los apelantes tienen algunos derechos por razón de sueldos o emolumentos, entonces habría menos motivos para que resolviéramos tales derechos anticipadamente. Su derecho a litigar, en caso de que lo tuvieran, surgió al ser removidos de sus cargos.

Si bien hemos entrado en los méritos del caso, no obstante la apelación está sujeta a ser desestimada, y así se ordena.

El Juez Asociado Señor Córdova Dávila no intervino.