José R. Quiñones, demandante y apelante, *v.* La Asamblea Municipal de Arroyo, P. R., demandada y apelada.

No. 6665.—*Sometido:* Noviembre 20, 1935. *Resuelto:* Enero 17, 1936.

*Rafael Lacot,* abogado del apelante; *Pedro E. Anglade,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

José R. Quiñones, juez de paz, acudió a la corte de distrito en solicitud de un auto de *certiorari* para revisar y anular el acto legislativo de una asamblea municipal a virtud del cual se rebajaba el sueldo del peticionario. Luego de expedirse el auto y de contestarse el mismo, la corte de distrito, a moción de la asamblea municipal, desestimó el recurso debido a que la petición había sido presentada unos cinco meses después de haberse promulgado la ordenanza en cuestión.

 La sección 83 de la Ley Municipal (Leyes de 1928, pág. 399) lee como sigue:

"Las cortes de distrito tendrán jurisdicción a instancia de parte perjudicada:

"(*a*) Para anular o revisar cualquier acto legislativo o administrativo de la Asamblea Municipal, de la Junta Administrativa, del Alcalde o de los demás funcionarios municipales que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o a las leyes de Puerto Rico, mediante *certiorari*.

"(*b*) Para suspender, mediante *injunction*, la ejecución de cualquier ordenanza, acuerdo, resolución u orden que lesione derechos garantizados por la constitución o las leyes insulares;

"(*c*) Para compeler mediante auto de *mandamus*, al cumplimiento de deberes ministeriales por los funcionarios municipales;

"(*d*) Para conceder, mediante juicio ordinario, compensación de daños y perjuicios a los perjudicados por actos u omisiones de los funcionarios municipales por malicia, negligencia, o ignorancia inexcusables.

"En los dos primeros casos la parte perjudicada podrá solamente establecer la demanda correspondiente dentro del plazo de treinta días a contar de la fecha en que el acto ejecutivo o administrativo haya sido realizado o que la ordenanza, acuerdo, resolución u orden hayan sido promulgados o comunicados a la parte querellante; *Entendiéndose*, que cuando la ordenanza o resolución deba ser publicada de acuerdo con esta ley, el término expresado de treinta (30) días, empezará a contarse desde la fecha de la publicación de dicha ordenanza o resolución."

La teoría del apelante es que el período estatutario de treinta días prescrito por el párrafo final de ese artículo no es aplicable a actos legislativos de una asamblea municipal. No podemos concurrir con este criterio.

Otra contención es que la corte de distrito cometió error al conceder costas a la demandada. En ausencia de una razón satisfactoria para la interpretación dada por el apelante a la sección 83, supra, no hallamos abuso de discreción en la concesión hecha.

*Debe confirmarse la resolución apelada.*