HON. HÉCTOR LUIS ACEVEDO, ETC., demandantes y recurridos, *v.* ASAMBLEA MUNICIPAL DEL MUNICIPIO DE SAN JUAN, ETC., demandados y recurrentes.

*Número:* CE-89-750     *Resuelto:* 22 de enero de 1990

*Héctor Urgell Cuebas,* abogado de los recurrentes; *Edna Hernández,* de *Lasa, Escalera & Reichard,* abogada de los recurridos.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

I

El 15 de junio de 1989 la Asamblea Municipal de San Juan (en adelante Asamblea) aprobó en sesión especial el

presupuesto municipal para el año fiscal 1989–1990 mediante la Ordenanza Núm. 81, Serie 1988–1989. Sometida a la consideración del Alcalde Héctor L. Acevedo Pérez, éste la devolvió a la Asamblea el 21 de junio siguiente sin su firma y acompañada de sus objeciones y recomendaciones. La Asamblea, en sesión extraordinaria celebrada el 28 de junio de 1989, aprobó con el voto afirmativo de más de dos terceras (⅔) partes del total de sus miembros el proyecto de ordenanza. La notificación y copia del proyecto aprobado fue enviada al ayudante ejecutivo del alcalde, Jesús Joel Pérez, el 10 de julio de 1989. Esta aprobación versó sobre un proyecto similar, en sustancia, al rechazado por el alcalde.

El 24 de agosto de 1989 el Alcalde de San Juan —Acevedo Pérez— presentó en el Tribunal Superior, Sala de San Juan, una acción de "interdicto permanente" contra la Asamblea, sus miembros y su secretario, en la cual solicitaba la suspensión de la ejecución y la nulidad de la citada Ordenanza Núm. 81. En esencia, sostuvo que ésta invadía indebidamente las facultades de nombramiento y contratación que expresamente le reservaba la Ley Orgánica de los Municipios de Puerto Rico, impidiéndole ejercitar tales prerrogativas y poniendo así en peligro la continuidad en la prestación de servicios esenciales a la municipalidad.

Mediante moción presentada el 7 de septiembre de 1989, la Asamblea demandada solicitó la desestimación del pleito por falta de jurisdicción del tribunal para entender en el asunto. Sostuvo que la demanda fue presentada transcurrido el término de caducidad de veinte (20) días provisto por el Art. 11.02 de la Ley Orgánica de los Municipios de Puerto Rico (en adelante Ley Municipal), según enmendada, 21 L.P.R.A. sec. 3402. El foro de instancia (Hon. Arnaldo López, Juez) el 5 de octubre se negó a desestimar[1] y ordenó a

---

[1] La posición del demandante Acevedo Pérez —tanto en su moción en oposición a la desestimación como en su escrito en oposición a la Solicitud de *Certiorari*

la Asamblea demandada que contestara la demanda en diez (10) días. Subsiguientemente reiteró su dictamen y han continuado los procedimientos.

Inconforme, la Asamblea recurrió, reproduciendo su contención de que el foro de instancia carece de jurisdicción. El Alcalde Acevedo Pérez ha comparecido por escrito ante nos y argumenta que el referido Art. 11.02 no cobija esta situación. No plantea cuestión alguna sobre la validez intrínseca del estatuto.

## II

■ La labor polifacética de todo alcalde, según dispone la Ley Municipal en su Art. 3.02 (21 L.P.R.A. sec. 3002), no se limita a ejecutar ciegamente toda ordenanza o resolución que la Asamblea Municipal promulgue, velando siempre por los mejores intereses de sus constituyentes. Sus deberes se extienden desde la administración del gobierno municipal hasta la preparación del proyecto de presupuesto que ha de considerar la Asamblea en primera instancia.

Este deber del alcalde de proteger al municipio es la premisa que le faculta a representar legítimamente al municipio cuando éste se vea agraviado o afectado ante actuaciones de la Asamblea Municipal. Así lo reconocimos hace décadas en *Banuchi v. Asamblea Municipal*, 37 D.P.R. 946 (1928), donde la Asamblea Municipal de Isabela aprobó —con el

---

que aquí consideramos— se funda en una interpretación de la Ley Orgánica de los Municipios. Sostiene que "[e]l artículo 11.02 forma parte del capítulo XI de la Ley Municipal, el cual trata sobre la jurisdicción de los tribunales. Un análisis de dicho capítulo demuestra que éste se refiere a las acciones de daños y perjuicios, daños a la propiedad, violación de derechos constitucionales, etc. Este capítulo tiene la intención de proteger a los residentes del municipio de acciones del organismo municipal, como un ente, que causaren perjuicios a éstos. Es dentro de este marco que el Artículo 11.02 debe interpretarse. Este artículo se refiere a posibles lesiones causadas a individuos fuera del organismo municipal, no a acciones 'ultra vires' de usurpación de poderes y funciones reconocidas por la propia ley". Oposición a solicitud de *certiorari*, pág. 5.

voto afirmativo de más de dos terceras (⅔) partes de sus miembros— el presupuesto municipal sobre la objeción y veto del alcalde. Éste impugnó judicialmente la validez del presupuesto aprobado(²) al amparo del Art. 65 de la Ley Municipal de 1919 —predecesor y sustancialmente igual al Art. 11.02 de la Ley Municipal actual, *supra.*

Es el alcalde —como primer ejecutivo municipal— quien se ve perjudicado cuando la Asamblea Municipal le priva de los medios necesarios para cumplir con sus deberes. *Banuchi v. Asamblea Municipal*, supra, pág. 952. "Y si se ahonda un poco más en la situación creada por una asamblea que suprima sueldos necesarios y asignaciones precisas para servicios públicos, se podría concluir que la verdadera parte perjudicada era la comunidad en general y en particular la administración municipal elegida cuyo legítimo representante es el alcalde." Íd.

Ahora bien, esta capacidad representativa no es irrestricta. La Ley Municipal precisa que se ejerza y canalice a través de una disposición estatutaria provista por el legislador, la cual es el citado Art. 11.02. En el pasado, ha sido considerado como medio propio y eficaz para "(a) [r]evisar o anular cualquier acto legislativo o administrativo de la Asamblea, de la Junta de Subasta, del Alcalde o de cualquier funcionario del municipio que lesione derechos constitucionales de los querellantes o que sea contrario a las leyes de Puerto Rico[, y] (b) [p]ara suspender la ejecución de cualquier ordenanza, acuerdo, resolución u orden de la Asamblea, de la Junta de Subasta, del Alcalde y cualquier funcio-

---

(²) Coincidentalmente —al igual que en la demanda de autos— el Alcalde de Isabela alegaba, ente otras cosas, "que la Asamblea había actuado fuera de sus atribuciones al no limitarse a enmendar sino a variar de tal manera el presupuesto que de hecho anuló la intervención del alcalde y la posible de los contribuyentes; . . . y que el presupuesto aprobado era . . . nulo porque las variaciones en él introducidas no se habían inspirado en la necesidad o utilidad públicas . . .". *Banuchi v. Asamblea Municipal*, 37 D.P.R. 946, 947 (1928).

nario del municipio que lesione derechos garantizados por la Constitución del Estado Libre Asociado de Puerto Rico o por leyes estatales". Art. 11.02(a) y (b), *supra*. Véase *Banuchi v. Asamblea Municipal*, supra, pág. 951, que interpreta el antiguo Art. 65 de la ley Municipal de 1919, de similar redacción y contenido al citado Art. 11.02. Como un dato histórico, la aplicación de este artículo y sus antecesores no se ha limitado a situaciones donde el perjudicado es un "individuo fuera del organismo" municipal exclusivamente, como pretende establecer el Alcalde Acevedo Pérez. Esta disposición de la Ley Municipal se ha utilizado para un sinnúmero de propósitos: en acciones de un alcalde contra la Asamblea Municipal, *Banuchi v. Asamblea Municipal,* supra, y de asambleístas contra la Asamblea Municipal, *Corrada v. Asamblea Municipal,* 79 D.P.R. 365 (1956); *Alfaro v. Asamblea Municipal,* 35 D.P.R. 788 (1926). También en múltiples instancias específicas para impugnar el presupuesto municipal, *Banuchi v. Asamblea Municipal,* supra; *Sosa v. Asamblea Municipal,* 43 D.P.R. 801 (1932), y *Berríos v. Asamblea Mun. de Yabucoa,* 30 D.P.R. 414 (1922).

Aclaramos, no obstante, que no estamos resolviendo la posibilidad de otras acciones autorizadas "por ley" o bajo otros esquemas susceptibles de ser válidamente invocados.

### III

Es claro, pues, que la interpretación que pretende darle el Alcalde Acevedo Pérez al Art. 11.02 de la Ley Municipal, *supra* —que adoptó el foro de instancia— es contraria a la trayectoria jurisprudencial. No se nos ha presentado una razón de peso que sugiera una reconsideración a nuestra normativa sentada hace más de medio siglo.

■ El único vehículo que otorga jurisdicción al Tribunal Superior en un caso como el de autos —para un alcalde y la Asamblea Municipal y sus miembros dilucidar estas contro-

versias— es el Art. 11.02 de la Ley Municipal, *supra*. Su propósito es impartirle certeza y finalidad a las actuaciones del gobierno municipal. La presente acción del Alcalde Acevedo Pérez, al quedar enmarcada dentro de esta disposición, debió instarse dentro de un término de veinte (20) días, a contar de la fecha en que la ordenanza fue promulgada o comunicada a la parte querellante, a menos que la ley disponga otra cosa.

Este término de veinte (20) días es un período de caducidad, que puede ser levantado como defensa por la parte interesada e incluso debe invocarlo el tribunal *sua sponte. Centeno Rivera v. Pacheco de Algarín*, 94 D.P.R. 528, 531 (1967). Así, en *Quiñones v. Asamblea Municipal*, 49 D.P.R. 403 (1936), señalamos que toda acción presentada fuera del término concedido por la legislación anterior —treinta (30) días— *es tardía.* Cuando se trata de una ordenanza de las que comúnmente requiere para su validez la aprobación y firma del alcalde —como es una que contenga el presupuesto municipal— el plazo comenzará a contarse desde el momento en que ésta haya sido notificada a la parte querellante. *Piñero v. Sancho Bonet*, 53 D.P.R. 460, 466 (1938).

Con este marco procesal presente, consideramos los hechos específicos ante nos.

## IV

El remedio que solicita el Alcalde de San Juan Acevedo Pérez en esta acción judicial no es otro que el provisto en los incisos (a) y (b) del Art. 11.02 de la Ley Municipal, *supra. Esta es la disposición estatutaria que reglamenta el ejercicio de jurisdicción del Tribunal Superior sobre este asunto.* En consecuencia, a la acción presente inexorablemente le es aplicable el plazo de veinte (20) días allí dispuesto.

Aunque la Ordenanza Núm. 81, Serie 1988–1989, *supra,* fue aprobada el 28 de junio de 1989, no es hasta el *10 de julio*

que el alcalde fue notificado de su aprobación a través de su ayudante ejecutivo.(³) Un simple cómputo matemático revela que toda persona que deseara suspender la ejecución y dejar sin efecto esta ordenanza tenía hasta el 30 de julio de 1989 para presentar su acción en el Tribunal Superior.

Toda vez que el Alcalde de San Juan, Acevedo Pérez, presentó su acción *el 24 de agosto de 1989* y la Asamblea oportunamente planteó que lo hizo tardíamente, su causa de acción ya estaba caduca y extinta.

Por los fundamentos expuestos y al amparo de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. I-A, *se expedirá el auto y se dictará sentencia que desestime la demanda.*

---

(³) El 20 de julio de 1989 el Secretario de la Asamblea Municipal volvió a comunicarse con el Ayudante Ejecutivo del Alcalde a los efectos de señalarle que había ciertos errores en la copia de la Ordenanza Núm. 81 que se le enviara el 10 de julio anterior. Entendemos que estos errores de forma en uno de los "Por Cuanto" en nada afectaba el fondo y contenido sustantivo de ésta. Aun así, asumiendo que el término para presentar la acción comenzó a correr desde esta última notificación, el resultado sería el mismo.