JOHN H. HARLAND COMPANY, demandante y peticionaria, *v.* MUNICIPIO DE SAN JUAN, demandado y recurrido.

*Número:* CC-95-66 *Resuelto:* 13 de octubre de 1995

186

*José A. Fernández-Jaquete* y *Ángel S. Ruiz Rodríguez*, abogados de la parte peticionaria; *Cristian Bernaschina Bobadilla* y *José A. Menéndez Cortada*, abogados de la parte recurrida.

PER CURIAM: El 16 de mayo de 1994, el Municipio de San Juan (en adelante el Municipio) le remitió a John Harland Company (en adelante Harland) una notificación final de deficiencia en el pago de los patentes de 1993–1994, por la cantidad de $102,482.67. La deficiencia notificada consistió en que Harland no había incluido, como parte de su volumen de negocios para dicho año, ciertos dividendos recibidos por ésta que el Municipio reputó como parte de tal volumen.

En desacuerdo con la determinación referida, el 15 de junio de 1994, a los treinta (30) días de la notificación de la deficiencia, Harland presentó ante el Tribunal de Primera Instancia, Sala Superior de San Juan, una demanda para impugnar dicha deficiencia, por lo cual prestó una fianza

de $111,706.11 ante el Director de Finanzas del Municipio de San Juan.

Estando el caso ante la consideración del tribunal de instancia y sin haberse diligenciado el emplazamiento contra el Municipio, el 30 de noviembre de 1994 Harland presentó un "aviso de desistimiento" de la demanda al amparo de la Regla 39.1(a)(1) de Procedimiento Civil, 32 L.P.R.A. Ap. III. El 7 de diciembre de 1994 el tribunal de instancia, acogiendo tal solicitud, dictó una sentencia para decretar el archivo por desistimiento, sin perjuicio, de tal demanda.

El 30 de diciembre de 1994, esta vez a los treinta (30) días de haber presentado el referido aviso de desistimiento, Harland presentó de nuevo ante el tribunal de instancia una segunda demanda por los mismos hechos y con las mismas alegaciones que fueron objeto de su demanda anterior. Para esa fecha, aún se encontraba en vigor la fianza que se había prestado originalmente.

El Municipio solicitó la desestimación de esta segunda demanda alegando que había sido presentada fuera del término de treinta (30) días, contado a partir de la notificación de la deficiencia de pago, que establece la Sec. 16 (a)(2) de la Ley de Patentes Municipales, según enmendada por el Art. 10 de la Ley Núm. 93 de 17 de noviembre de 1992, 21 L.P.R.A. sec. 651o(a)(2), para impugnar las determinaciones finales de deficiencias, por lo cual afirmó que el tribunal había perdido su jurisdicción para atender el asunto. En apoyo de su contención, sostuvo que el término provisto en la ley es de caducidad, por lo que la demanda presentada con anterioridad por Harland no tuvo el efecto de interrumpir el término.

Harland se opuso a la solicitud del Municipio argumentando que dicho término es de prescripción, por lo que éste fue interrumpido por la acción judicial previamente instada.

El 19 de abril de 1995, el tribunal de instancia (Hon. Arnaldo López Rodríguez, Juez), tras evaluar los escritos

de las partes, emitió una resolución que denegaba la moción de desestimación del Municipio al resolver: que el término jurisdiccional dispuesto en la Sec. 16(a)(2) de la Ley de Patentes Municipales, según enmendada, *supra*, es de *prescripción*; que éste fue interrumpido por Harland mediante la presentación de su primera demanda, y que comenzó a decursar de nuevo a partir de la fecha cuando se presentó el aviso de desistimiento. A base de lo anterior, concluyó que la segunda demanda presentada por Harland dentro del término de treinta (30) días del aviso de desistimiento no había prescrito.

Inconforme con tal dictamen del tribunal de instancia, el Municipio presentó oportunamente un recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones. Después de haberse emitido y perfeccionado el mencionado recurso, el Tribunal de Circuito de Apelaciones dictó una sentencia en la cual revocó la resolución del tribunal de instancia, al resolver que el término que establece la Sec. 16(a)(2) de la Ley de Patentes Municipales, *supra*, para impugnar determinaciones finales de deficiencias de pagos de patentes municipales es de *caducidad*, por lo que no admite interrupción. A la luz de tal conclusión, desestimó la demanda por falta de jurisdicción.

De dicha sentencia acude ante nos la demandante peticionaria, Harland. En su único señalamiento de error aduce la demandante peticionaria, Harland, que el Tribunal de Circuito de Apelaciones incidió al resolver que el término de treinta (30) días que establece la Sec. 16(a)(2) de la Ley de Patentes Municipales, *supra*, para impugnar judicialmente las determinaciones finales de deficiencias en el pago de patentes municipales, es de caducidad y, por ende, al decretar la desestimación de su causa de acción por falta de jurisdicción. En apoyo de su contención sostiene que al estar fundamentada la acción promovida bajo tal disposición de ley en una relación de índole crediticia, conforme a la doctrina jurídica sentada por los tratadistas,

el plazo para ejercitarla resulta ser prescriptivo y no de caducidad. Fundamentado en lo anterior, afirma que, en el caso de autos, dicho término fue interrumpido mediante la presentación de su primera demanda y que comenzó a decursar de nuevo a partir de la presentación del aviso de desistimiento de ésta, resultando así oportuna la presentación de su segunda demanda bajo los mismos hechos y la misma causa de acción que la previamente instada. El error no se cometió.

■ De un análisis, tanto de la doctrina jurídica desarrollada por los tratadistas en torno a las figuras de la prescripción y la caducidad, según fuera resumida por el Tribunal de Circuito de Apelaciones en su sentencia, como de la jurisprudencia citada por dicho foro en su dictamen, nos resulta forzoso concurrir con su determinación de que el término jurisdiccional de treinta (30) días —que establece la Sec. 16(a)(2) de la Ley de Patentes Municipales, *supra*, para instar una acción de impugnación de determinaciones finales de deficiencias en el pago de patentes municipales— *es de caducidad y no de prescripción.* Más allá de la relación que pueda existir entre las partes, en este caso prevalece una disposición legal que establece un término dentro del cual se puede ejercitar el derecho a impugnar una determinación final de deficiencia, al ser dicho término el punto de partida para que tal derecho se extinga, lo cual conforme a la doctrina resulta el rasgo distintivo de la caducidad.[1]

■ De otra parte, este Tribunal ha resuelto que términos análogos al que nos ocupa constituyen plazos de caducidad. Así, por ejemplo, en *Acevedo v. Asamblea Mun. San Juan*, 125 D.P.R. 182 (1990), este Tribunal determinó que el término de veinte (20) días para impugnar ante. los

---

[1] Véanse: J.L. Santamaría, *Comentarios al Código Civil*, Madrid, Ed. Rev. Der. Privado, 1958, T. 2, pág. 1012; F. Puig Peña, *Tratado de Derecho Civil Español*, Madrid, Ed. Rev. Der. Privado, 1958, T. I, Vol. II, pág. 453.

tribunales las actuaciones del Alcalde, de la Asamblea Municipal o de cualquier otro funcionario municipal, que establecía el Art. 11.02 de la anterior Ley Orgánica de los Municipios, hoy Art. 15.002 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991,([2]) es de caducidad y no admite interrupción; *tal artículo de ley tiene el propósito de impartirle certeza y finalidad a las actuaciones del gobierno municipal.*

 En definitiva, como bien señala el Tribunal de Circuito de Apelaciones, no existe indicio alguno en la ley que apunte hacia la interpretación efectuada por el tribunal de instancia para determinar que el término en cuestión es prescriptivo. Por el contrario, entendemos que estamos frente a un término para ejercitar un procedimiento de impugnación de una actuación de una entidad pública (en específico, sobre el pago por deficiencia en patentes municipales) que la ley interesa que se ejercite con prontitud, característica particular de los términos de caducidad, que no admiten causas de interrupción. *Coincidimos con el foro apelativo en cuanto a que existe un interés público en que las reclamaciones contributivas se resuelvan con premura y no queden al arbitrio de las partes.* Este principio permea diversas disposiciones de la Ley de Patentes Municipales que disponen procedimientos relativos a las deficiencias. Por lo tanto, la interpretación del foro de instancia de que el término en cuestión es prescriptivo, resulta en contra de tal interés y, por ende, contraria a la ley.

En virtud de lo anterior y de los restantes fundamentos contenidos en la sentencia recurrida, concurrimos con la determinación del Tribunal de Circuito de Apelaciones de que el término de treinta (30) días que establece la Sec. 16(a)(2) de la Ley de Patentes Municipales, *supra*, es de caducidad y no admite interrupción. Por ello entendemos

---

([2]) 21 L.P.R.A. sec. 4702.

que dicho foro apelativo actuó correctamente al desestimar, por falta de jurisdicción, la acción de impugnación de deficiencia instada por Harland fuera del término referido.

*Se dictará sentencia a tenor con lo antes expresado.*

La Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Fuster Berlingeri no intervinieron.