CARMEN D. DE JESÚS ORTIZ y OTROS, demandantes y recurridos, *v.* HON. JUAN "JOHNNY" RIVERA VARGAS y OTROS, demandados y recurrentes.

*Número:* RE-94-372          *Resuelto:* 25 de marzo de 1996

*David Negrón Rivera,* abogado de los recurrentes; *José E. Aquino Núñez,* abogado de los recurridos.

— o —

Opinión concurrente del Juez Asociado Señor Negrón García, a la cual se une el Juez Presidente Señor Andréu García.

I

El 2 de julio de 1992 el entonces Alcalde del Municipio de Quebradillas, Hon. Rafael Pérez Santaliz, aumentó *uni-*

*lateralmente* su sueldo y el de otros cuarenta y un (41) funcionarios y empleados municipales. Adoptó esa decisión aun cuando en el Presupuesto de Ingresos y Gastos del año económico 1992–1993 aprobado por la Asamblea Municipal, vigente un (1) día antes, no incluyó ni existía partida alguna para cubrir ese gasto adicional.[1]

Ante esa situación, la Asamblea Municipal solicitó un *mandamus* (Caso Núm. CS-92-803) contra el Alcalde Pérez Santaliz para que dejara sin efecto esos aumentos de sueldo, que fueron decretados sin su autorización. El 21 de octubre de 1992 el Tribunal Superior, Sala de Arecibo (Hon. Benito Díaz Laureano, Juez), desestimó la acción al concluir que a la fecha de su presentación, el Presidente de la Asamblea Municipal carecía de legitimación activa para demandar, pues la ordenanza que le autorizaba a instalarla no había entrado en vigor. Inconforme, la Asamblea acudió ante nos mediante una solicitud de revisión, la cual fue declarada no ha lugar por falta de jurisdicción (Caso Núm. RE-92-532).

Así las cosas, en las elecciones de noviembre de 1992 fue electo alcalde el Hon. Juan I. Rivera Vargas. El nuevo alcalde convocó una Sesión Extraordinaria de la Asamblea Municipal, la cual el 9 de febrero de 1993 aprobó la *Resolución Núm. 7*, para hacer constar que los aumentos de sueldo efectuados por el ex Alcalde Pérez Santaliz eran ilegales; además, prohibió ulteriores pagos y ordenó que re-

---

[1] La Sec. 5.3 de la Ley de Personal del Servicio Público de Puerto Rico, según enmendada, Ley Núm. 5 de 14 de octubre de 1975 (3 L.P.R.A. sec. 1343), establece que cada municipio es un administrador individual. Como tal, la Ley de Personal del Servicio Público de Puerto Rico impuso a todos los municipios el deber de adoptar reglamentos en armonía con ciertas disposiciones de la ley relativas a la implantación del principio del mérito y someterlos a la aprobación de la Oficina Central de Administración de Personal (O.C.A.P.). 3 L.P.R.A. sec. 1347.

A su vez, la Ley de Retribución Uniforme, Ley Núm. 89 de 12 de julio de 1979 (3 L.P.R.A. sec. 760 *et seq.*) y el Reglamento de Retribución Uniforme decretado por la O.C.A.P. imponen a los administradores individuales el deber de aprobar planes de retribución cuyas disposiciones estén en armonía con la ley citada y el Reglamento de Retribución Uniforme.

Para la fecha de estos hechos el Municipio de Quebradillas no había sometido el suyo para aprobación de la O.C.A.P.

cobraran las sumas pagadas en exceso. Previo al trámite, el Alcalde Rivera Vargas la firmó el 2 de marzo de 1993.

Como consecuencia, el 19 de marzo de 1993, Carmen D. De Jesús Ortiz y otros cuarenta (40) empleados municipales afectados presentaron una demanda de interdicto y por daños y perjuicios contra el Municipio de Quebradillas, el Alcalde Rivera Vargas, el Presidente de la Asamblea Municipal y otros. Alegaron, en síntesis, que la Resolución Núm. 7 era nula y les privaba del disfrute de su propiedad. Solicitaron que se ordenara al Alcalde Rivera Vargas que se abstuviera de reducir sus sueldos y que les pagara las diferencias dejadas de percibir.

Los demandados contestaron la demanda. Adujeron que el aumento concedido por el ex Alcalde Pérez Santaliz era ilegal y nulo por no haber sido aprobado por la Asamblea *y, además, no haber una partida presupuestaria para éste.*

Subsiguientemente, los demandantes De Jesús Ortiz *et al.* solicitaron sentencia sumaria. Los demandados se opusieron y simultáneamente pidieron sentencia sumaria a su favor. Oportunamente todos sometieron el caso como una cuestión *pura de derecho.*

El 21 de junio de 1994 el tribunal de instancia (Hon. Olivette Sagebien, Juez), resolvió que la aludida Resolución Núm. 7 era nula y ordenó a la Asamblea Municipal que se abstuviera de reducir los sueldos y que pagara los salarios correspondientes.

No conforme, acudieron ante nos en revisión el Alcalde *ex rel.*, el Municipio de Quebradillas (Caso Núm. RE-94-372) y la Asamblea Municipal y su presidente (Caso Núm. RE-94-411). Impugnan las conclusiones de que caducó el término para impugnar los aumentos de salarios concedidos y que la Resolución Núm. 7 era nula.[2]

---

[2] Aunque en sus respectivos recursos señalan varios errores, la controversia básica se limita a estos dos (2) señalamientos.

## II

Los recurrentes Rivera Vargas *et al.* argumentan que, constituyendo la acción del ex Alcalde Pérez Santaliz un acto ilegal y *ultravires*, no rigen los veinte (20) días del Art. 15.002 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (21 L.P.R.A. sec. 4702).[3] Aducen que dicho aumento sin partida presupuestaria es nulo ab initio, pues no existían partidas adicionales ni asignación alguna para honrarlos. En ese sentido nos indican que este caso se distingue con claridad de *Acevedo v. Asamblea Mun. San Juan*, 125 D.P.R. 182 (1990).

Se recordará que en *Acevedo v. Asamblea Mun. San Juan*, supra,[4] cautelarmente cualificamos nuestros pro-

---

[3] Dispone:

"El Tribunal Superior de Puerto Rico entenderá y resolverá, con exclusividad, a instancias de la parte perjudicada, sobre los siguientes asuntos:

"(a) Revisar cualquier acto legislativo o administrativo de cualquier funcionario u organismo municipal que lesione derechos constitucionales de los querellantes o que sea contrario a las leyes de Puerto Rico.

"(b) Suspender la ejecución de cualquier ordenanza, resolución, acuerdo u orden de la Asamblea, del Alcalde, de la Junta de Subasta o de cualquier funcionario del municipio que lesione derechos garantizados por la Constitución del Estado Libre Asociado de Puerto Rico o por las leyes estatales.

.    .    .    .    .    .    .    .

"En los casos contemplados bajo los incisos (a) y (b) de esta sección, la acción judicial sólo podrá instarse de los veinte (20) días siguientes a la fecha en que el acto legislativo o administrativo se haya realizado o que la ordenanza, resolución, acuerdo u orden se haya promulgado o comunicado a la parte querellante, a menos que se disponga otra cosa por ley."

[4] Allí, *a tenor con el diseño legislativo*, la Asamblea Municipal aprobó, *mediante ordenanza*, el presupuesto para el Año Fiscal 1989–1990. Siguiendo también la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, la Asamblea lo sometió al Alcalde, quien lo devolvió eventualmente sin firmar, con sus objeciones y recomendaciones. Así las cosas, la Asamblea en sesión extraordinaria y, con el voto afirmativo de más de dos terceras (2/3) partes del total de sus miembros —esto es, mayoría absoluta— lo aprobó, y el 10 de julio de 1989 le envió una copia al Ayudante Ejecutivo del Alcalde. No obstante esa notificación fehaciente al Primer Ejecutivo Municipal, no fue sino hasta el 24 de agosto, *esto es cuarenta y cinco (45) días después*, que el Alcalde impugnó la actuación de la Asamblea, alegando que menoscababa sus facultades estatutarias de nombramiento y contratación, lo que afectaría la prestación de servicios esenciales a la comunidad.

Ante el descrito cuadro fáctico, en que la Asamblea observó estrictamente el trámite delineado en la citada ley municipal entonces vigente —incluso la debida notificación al Alcalde— y que éste tuvo la oportunidad y los medios para instar la

nunciamientos y *aclaramos* "que no est[ába]mos resolviendo la posibilidad de *otras acciones* autorizadas 'por ley' o bajo otros *esquemas susceptibles de ser válidamente invocados*". (Énfasis suplido.) Íd., pág. 186.

Según esa reserva decisoria, notamos que en el caso de autos, en su dinámica operacional, la aprobación y ejecución de todo presupuesto funcional municipal —en la medida en que unos aumentos salariales *generan unos desembolsos mensuales*— no es un acto aislado ni de carácter único, sino continuo y, por ende, no es susceptible de ser congelado en el término de caducidad de veinte (20) días visualizado en el transcrito Art. 15.002.

Sabido es que para cada año fiscal, el alcalde debe presentar ante su Asamblea Municipal el Proyecto de Resolución de Presupuesto en o antes de 31 de mayo. 21 L.P.R.A. sec. 4301. Tiene que incluir, entre otros, un plan financiero completo para el año fiscal correspondiente y "un *resumen general de los gastos municipales por concepto de sueldos, jornales*, materiales, servicios y obras permanentes para el año fiscal próximo". (Énfasis suplido.) 21 L.P.R.A. sec. 4302. Una vez presentado, corresponde aprobarlo a la Asamblea Municipal —21 L.P.R.A. sec. 4304— y éste regirá durante el año fiscal. De manera expresa, la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 *prohíbe* gastarse u obligarse en un "año fiscal cantidad alguna que *exceda de las asignaciones y los fondos autorizados por ordenanza o resolución para dicho año*". (Énfasis suplido.) 21 L.P.R.A. sec. 4354.

El análisis integral de la ley citada revela una constante exigencia de que toda actuación municipal que conlleve el desembolso o la erogación de sus fondos, sea resultado de un proceso administrativo municipal de carácter bicéfalo;

---

impugnación oportuna, aplicamos con todo rigor el término de caducidad.

Distinto a *Acevedo v. Asamblea Mun. San Juan*, 125 D.P.R. 182 (1990), aquí no se siguió el trámite fijado en ley pues, *un día después de aprobarse el presupuesto*, el Alcalde Pérez Santaliz arbitraria y unilateralmente aumentó su sueldo y el de otros cuarenta y un (41) funcionarios y empleados.

esto es que participen los poderes Ejecutivo y Legislativo.[5] En lo pertinente, el Art. 2.001(k) (21 L.P.R.A. sec. 4051(k)) concede *a los municipios*, entre otros, el poder de "[p]roveer los fondos necesarios, *de acuerdo a las disposiciones de este subtítulo,* para el pago de sueldos de funcionarios y empleados". (Énfasis suplido.)

En el área de "Personal":

> El Alcalde preparará *planes de retribución* separados para los empleados de la Rama Ejecutiva del gobierno municipal en los servicios de carrera y de confianza. *Dichos planes deberán ajustarse a la situación fiscal prevaleciente en el municipio y requerirán la aprobación mediante ordenanza.* El Presidente de la Asamblea adoptará un plan de retribución para los empleados de la Asamblea.
>
> (a) *Planes de retribución.—* Los planes de retribución dispondrán el tratamiento *equitativo* a los empleados y estimulará la máxima utilización de los recursos humanos y fiscales disponibles. (Énfasis suplido.) Art. 12.015 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (21 L.P.R.A. sec. 4565).

La intención de la Asamblea Legislativa de requerir el trabajo conjunto del alcalde y de su Asamblea Municipal en lo concerniente al "Personal" queda confirmada mediante el Art. 12.003(c) de la citada ley, 21 L.P.R.A. sec. 4553(c), que dispone, en lo pertinente:

> El *Alcalde,* con el asesoramiento del Director de la Oficina Central de Administración de Personal, preparará una guía de clasificación de funcionarios para grupos de trabajo de este servicio, la cual contendrá, además, las escalas de paga y normas de retribución aplicables a dichos trabajos a base de igual paga por igual trabajo.
>
> *Las guías de clasificación y escalas de paga requerirán la aprobación de la Asamblea.* (Énfasis suplido.)

Obviamente, el ex Alcalde Pérez Santaliz tenía que obtener la aprobación previa de la Asamblea Municipal para

---

[5] La ley visualiza al municipio como "una demarcación geográfica con todos sus barrios, que tiene nombre particular y está regida por un gobierno local *compuesto de un Poder Legislativo y un Poder Ejecutivo*". (Énfasis suplido.) Art. 1.003(u), 21 L.P.R.A. sec. 4001(u).

ubicar en una escala de pago distinta a los funcionarios y empleados a quienes les aumentó el sueldo.

## III

Según lo expuesto, el ex Alcalde Pérez Santaliz aumentó unilateralmente los sueldos de los demandantes De Jesús Ortiz *et al.*, sin haber incluido esa partida en el Proyecto de Resolución de Presupuesto que apenas un (1) mes antes había remitido a la Asamblea Municipal para su aprobación. *Es un dato no contradicho que dichos aumentos no estaban dispuestos en ninguna partida del presupuesto.* Resolvemos, pues, que esa actuación fue nula ab initio por cuanto no existía asignación alguna para honrarlos, en violación directa a los Arts. 7.001 y 7.002 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, *supra*, 21 L.P.R.A. secs. 4301 y 4302.

Esa actuación, *por su naturaleza continua, no está restringida al corto plazo de impugnación (caducidad) del Art. 15.002, supra.*

Después de todo, para un municipio obligarse con validez, es menester la existencia de fondos presupuestados. No puede por ficción legal incurrir en obligaciones o costos en exceso de los créditos asignados, *salvo en casos de emergencia debidamente justificados, y ello hasta un máximo de cinco por ciento (5%) en exceso.* Art. 8.006 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, *supra*, 21 L.P.R.A. sec. 4356. Compárese con *Ocasio v. Alcalde Mun. de Maunabo*, 121 D.P.R. 37 (1988).

Finalmente, concluimos que la Asamblea Municipal por medio de una resolución podía hacer constar su postura de dejar sin efecto los aumentos y ordenar la devolución de los

sueldos devengados en exceso.([6]) El ilustrado tribunal de instancia resolvió en la negativa al interpretar *restrictivamente* el Art. 5.005 (21 L.P.R.A. sec. 4205).

Se trata de una visión limitada de los poderes de toda Asamblea Municipal. Lógicamente, como cuerpo que genera el presupuesto, puede con validez fiscalizar y adoptar aquellas medidas necesarias para evitar actuaciones ilegales de este género. Y es claro que la ley citada no autoriza al alcalde a aumentar sueldos si no están presupuestados.

Por estos fundamentos, estamos conformes con la sentencia que declara sin lugar la demanda.([7])

---

([6]) Para la época en que el entonces Alcalde Pérez Santaliz hizo los aumentos, la situación económica del Municipio de Quebradillas era precaria. Existía un déficit acumulado en el presupuesto operacional de $2,739,970.81 y una "deficiencia en caja para cubrir deudas pendientes de pago" que ascendían a $2,989,676.20.

La gravedad de este asunto es innegable. Los aumentos referidos representaron al Municipio un gasto adicional anual de aproximadamente $60,000.

([7]) En su alegato los demandantes recurridos argumentan que respaldaron "en las primarias municipales del Partido Popular Democrático, (P.P.D.), al ex-alcalde Pérez Santaliz, [y] no hay duda alguna que el nuevo incumbente Hon. Juan 'Johnny' Rivera Vargas y la Asamblea Municipal en desquite *discriminaron* contra los recurridos al aprobar la Resolución Núm. 7, dejando sin efecto los aumentos y descontándole de sus salarios mensuales, los pagos recibidos por concepto de los aumentos autorizados por el ex-alcalde, Pérez Santaliz". Alegato de la parte demandante recurrida, pág. 8.

Al parecer olvidan el anverso del argumento: por ser fieles seguidores, fueron "favorecidos o premiados" por el Alcalde Pérez Santaliz con un aumento ilegal y exclusivo.