TEXTO COMPLETO DE LA SENTENCIA
El Departamento de Hacienda recurre de la resolución emitida, el 28 de abril de 2000, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante la misma, el foro recurrido denegó una moción *1060 presentada por la agencia solicitando la desestimación de la reclamación de epígrafe por falta de jurisdicción. Por los fundamentos que exponemos; se expide el auto solicitado a los fines de revocar la resolución emitida y ordenar la desestimación de la acción establecida.
Los hechos procesales relevantes al presente caso, son los siguientes.

“El 12 de marzo de 1999, la Oficina de Apelaciones Administrativas del Departamento de Hacienda emitió una notificación final de deficiencia contributiva contra Carmelo Tirado Tolentino y otros, los aquí recurridos. Fue depositada en el correo el 16 de marzo del mismo año.

Mediante dicha notificación se requirió a los recurridos el pago de $12,529.00 por concepto de contribuciones impagadas durante los años contributivos 1990 y 1991. Además, la agencia les informó que de no estar conformes con la deficiencia señalada, podían radicar una demanda impugnando ésta ante el Tribunal de Primera Instancia, dentro de los treinta (30) días siguientes a dicha notificación.

En fecha 13 de abril de 1999, los recurridos presentaron un recurso de revisión administrativa ante este foro apelativo. Dicho recurso jue desestimado por falta de jurisdicción, el 30 de abril de 1999, dado que el foro competente para revisar la determinación de la agencia era el Tribunal de Primera Instancia, de conformidad con lo dispuesto en la See. 6002 del Código de Rentas Internas de 1994, Ley 223 de 30 de noviembre de 1994 13 L.P.R.A. see. 8022. ”

Así las cosas, el 14 de mayo de 1999, cincuenta y ocho (58) días después de la notificación de la deficiencia contributiva, los recurridos presentaron una demanda ante el Tribunal de Primera Instancia impugnando la misma y requiriendo el pago de un reintegro contributivo.
Luego de varios trámites procesales, el Departamento de Hacienda, sin someterse a la jurisdicción del tribunal a quo, solicito la desestimación de la demanda por falta de jurisdicción. La agencia fundamentó su solicitud en el hecho de que los recurridos presentaron su reclamación luego de transcurrido el término dispuesto por ley a esos fines.
Así las cosas, el foro de instancia emitió la resolución recurrida denegando la solicitud de desestimación formulada por la agencia. Resolvió, en síntesis, que los demandantes habían notificado al Estado del recurso de revisión ante este foro, por lo cual no acogió el planteamiento del Departamento de Hacienda de que el Estado Libre Asociado no había sido emplazado. Además, señaló que la notificación de deficiencia fue defectuosa porque requirió al señor Tirado Tolentino una fiánza, cuando ello era improcedente. Finalmente determinó que la presentación del recurso dentro del término, pero en un tribunal sin competencia, interrumpió el término jurisdiccional, por lo que el tribunal de instancia tiene jurisdicción para resolver la demanda.
El Departamento de Hacienda acudió ante nos, imputando a la sala sentenciadora la comisión de los siguientes errores:

“Primero:

Erró el Tribunal de Primera Instancia al determinar que posee jurisdicción para entender en los méritos de la deficiencia por concepto de contribución sobre ingresos notificada por la Secretaria de Hacienda.

Segundo:

Erró el Tribunal de Primera Instancia al determinar que el término para impugnar una deficiencia por concepto de contribución sobre ingresos notificada por la Secretaria de Hacienda, es susceptible de interrupción.

*1061
Tercero:

Erró el Tribunal de Primera Instancia al determinar que la notificación de deficiencia emitida por la Secretaria de Hacienda por concepto de contribución sobre ingresos, es jurídicamente defectuosa."

El día 10 de agosto de 2000, previa moción en auxilio de jurisdicción instada por el Departamento de Hacienda, este Tribunal ordenó la paralización de los procedimientos del caso en instancia.
El 3 de octubre de 2000, los recurridos presentaron ante nos su alegato.
Examinado el expediente, el derecho aplicable y con el beneficio de la comparecencia de ambas partes, procede disponer del recurso instado, expidiendo el auto y revocando la resolución recurrida.
I
El Art. 4.002 (a) de la Ley de la Judicatura de Puerto Rico dispone que el Tribunal de Circuito de Apelaciones es el foro competente para revisar las decisiones, órdenes, reglamentos y resoluciones finales de las agencias administrativas, siendo discrecional la expedición por este foro apelativo del recurso de revisión instado por la parte que impugna la acción administrativa. 4 L.P.R.A. §22i. De conformidad con lo dispuesto por la Ley de Procedimiento Administrativo Uniforme (LPAU), el recurrente tendrá un término jurisdiccional de treinta (30) días para solicitar dicha revisión y para notificar, dentro del mismo, plazo la presentación del recurso a las demás partes y a la agencia. 3 L.P.R.A. §2172; Ortiz v. Administración, Op. 19 de marzo de 1999; Martínez v. Departamento, Op. 28 de mayo de 1998; 98 J.T.S. 61.
No obstante, la Ley 18 de 30 de noviembre de 1990 enmendó la L.P.A.U. y dispuso un procedimiento especial para la revisión judicial de las determinaciones del Secretario de Hacienda en casos contributivos. Dicho estatuto estableció, en síntesis, que las decisiones emitidas por este funcionario en relación con las leyes de rentas intemas serían revisadas mediante la presentación de una demanda y la celebración de un juicio de novo ante la sala con competencia del Tribunal de Primera Instancia. 3 L.P.R.A. § 2171.
La referida ley exige que todo demandante que impugne una deficiencia contributiva, viene obligado a pagar la porción de la contribución no objetada y a prestar fianza por la totalidad del balance impagado de la contribución determinada por el Secretario de Hacienda. Esto deberá hacerse en o antes de la presentación de la demanda ante el foro de instancia. 3 L.P.R.A. §2171; Caribbean Petroleum v. Departamento de Hacienda, 134 D.P.R. 861 (1993).
Similar disposición en cuanto al foro revisor está incluida en la Sec. 6.002 del Código de Rentas Internas de 1994, que establece el término de treinta (30) días a partir de la fecha del depósito en el correo de la notificación de la determinación final de deficiencia contributiva emitida por el Secretario de Hacienda, para recurrir contra dicha determinación ante el Tribunal de Primera Instancia, radicando demanda a tenor con el procedimiento especial antes reseñado, previa prestación de fianza a favor del Secretario. 13 L.P.R.A. §8022.
De otra parte, la Ley de la Judicatura de 1994, en su Art. 5.003, otorgó competencia al Tribunal de Primera Instancia para entender en todo caso, acción, procedimiento o recurso extraordinario, relacionado con o que afecte la imposición, cobro, y pago de toda clase de contribuciones. 4 L.P.R.A. § 22o.
En Larroca Tarazona v. Vda. de Pérez y Secretario de Hacienda, 82 D.P.R. 492 (1961), se resolvió que una acción judicial que requiera un fallo sobre si procede o no imponer y cobrar una contribución, o si existe o no la obligación de pagarla, es una contra el soberano que requiere el consentimiento del Estado para que se le demande. Por ende, en este tipo de acciones hay que seguir estrictamente el modo y manera de demandar al Estado fijado en las disposiciones mediante las cuales éste preste su consentimiento para ello. De este modo, el que demande al Estado, bajo su consentimiento, está obligado a cumplir los requisitos previos exigidos por éste, *1062 o de lo contrario, los tribunales carecen de facultad para entender en el pleito y emitir un fallo. 
Aplicando la normativa antes expuesta, es forzoso concluir que a pesar de que el Estado prestó su consentimiento para ser demandado en el presente caso a tenor con lo dispuesto en las antes citadas leyes, el tribunal a quo carecía de facultad para atender la reclamación de los recurridos al éstos no haber dado fiel cumplimiento a los requisitos exigidos por ley para acudir a dicho foro a litigar la reseñada deficiencia contributiva.
Stage de los autos que el Departamento de Hacienda, en la notificación final de deficiencia contributiva cursada a los recurridos, informó claramente a éstos el procedimiento a seguir en caso de resultar inconformes con dicha determinación. La agencia expresó, con indudable claridad, que los recurridos tenían que presentar la correspondiente impugnación ante el Tribunal de Primera Instancia en la forma provista por ley. Además, las antes citadas disposiciones de la LPAU, del Código de Rentas Internas y de la Ley de la Judicatura de 1994, establecen de forma clara y patente cuál es el procedimiento correspondiente para la impugnación de deficiencias contributivas notificadas por el Departamento de Hacienda.
No obstante, los recurridos optaron por presentar un recurso de certiorari ante este foro apelativo, dos (2) días antes de vencer el plazo de treinta (30) días provisto por el Código de Rentas Internas para acudir al Tribunal de Primera Instancia. Así, pues, al desestimarse dicho recurso por este Tribunal, por carecer de jurisdicción para entender en el mismo, los recurridos procedieron a presentar la demanda de epígrafe ante el foro de instancia, habiendo trascurrido en exceso el término provisto por la ley.
Sin embargo, la parte recurrida argumenta que el hecho de haber entablado el recurso de revisión en este foro apelativo dentro del término dispuesto por ley para impugnar la deficiencia contributiva, tuvo el efecto de no privar de jurisdicción al foro de instancia, pues alega que dicho plazo es uno de prescripción y no de caducidad. Procede, pues, disponer de dicho planteamiento.
En Harland Company v. Municipio de San Juan, 139 D.P.R. 185 (1995), el Tribunal Supremo avaló la conclusión a la que llegó este foro apelativo en cuanto a que el término jurisdiccional de treinta (30) días que establece la Sec. 16 (a) (2) de la Ley de Patentes Municipales, Ley Núm. 113 de 10 de junio de 1974, según enmendada, para instar acción de impugnación de determinaciones finales de deficiencias en el pago de patentes municipales, es uno de caducidad y no de prescripción.
En dicha opinión, el Tribunal Supremo manifestó lo siguiente:

"Más allá de la relación que pueda existir entre las partes, prevalece en este caso una disposición legal que establece un término dentro del cual se puede ejercitar el derecho a impugnar una determinación final de deficiencia, siendo dicho término el punto de partida para que tal derecho se extinga, lo que conforme a la doctrina resulta el rasgo distintivo de la caducidad...

De otra parte, este Tribunal ha resuelto que términos análogos al que nos ocupa, constituyen plazos de caducidad. Así, por ejemplo, en Héctor Luis Acevedo v. Asamblea Municipal, Op. de 12 de enero de 1990, 90 J. T.S. 9, este Tribunal determinó que el término de veinte (20) días que para impugnar ante los tribunales actuaciones del Alcalde, la Asamblea Municipal, o cualquier otro funcionario municipal, que establecía el Artículo 11.02 de la anterior Ley Orgánica de los Municipios, hoy Artículo 15.002 de la Ley de Municipios Autónomos, es uno de caducidad que no admite interrupción, pues tal artículo de ley tiene el propósito de impartirle certeza y finalidad a las actuaciones del gobierno municipal.

En definitiva, como bien señala el Tribunal de Circuito de Apelaciones, no existe indicio alguno en la ley que apunte hacia la interpretación efectuada por el tribunal de instancia para determinar que el término en cuestión es uno prescriptivo. Por el contrario, entendemos que estamos frente a un término para ejercitar un 
*1063
procedimiento de impugnación de una actuación de una entidad pública, en específico sobre el pago por deficiencia en patentes municipales, que la ley interesa se ejercite con prontitud, característica particular de los términos de caducidad que no admiten causas de interrupción. Coincidimos con el foro apelativo en que existe un interés público en que las reclamaciones contributivas se resuelvan con premura, y no queden al arbitrio de las partes. Este principio permea diversas disposiciones de la Ley de Patentes Municipales que disponen procedimientos relativos a las deficiencias. Por lo que la interpretación del foro de instancia de que el término en cuestión es uno prescriptivo, resulta en contra de tal interés y, por ende, contraria a la ley."

Razonamos que la normativa establecida en el caso de Harland, es aplicable, por analogía, al presente caso. En éste aplica una disposición legal que establece un término dentro del cual se puede ejercitar el derecho a impugnar una determinación final de deficiencia contributiva, siendo dicho término el punto de partida para que tal derecho se extinga, lo que a tenor con los señalamientos de nuestro más alto foro judicial, constituye un plazo de caducidad.
Entendemos que el legislador, al establecer dicho término, persiguió el objetivo de impartirle certeza y finalidad a las actuaciones del Secretario de Hacienda. Más aún, no hemos encontrado disposiciones en el Código de Rentas Internas de 1994, ni en la jurisprudencia pertinente, indicativas de que el término en cuestión es uno prescriptivo, sujeto a interrupción. El interés público amerita que las reclamaciones contributivas se resuelvan con celeridad, no quedando su resolución al arbitrio de las partes.
Así las cosas, concluimos que el hecho de haber presentado los recurridos un recurso de revisión en este foro apelativo dentro del término dispuesto por el Código de Rentas Internas para impugnar la deficiencia contributiva, no tuvo el alcance que éstos le imputan. El recurso instado ante este foro, el cual fue desestimado, no interrumpió el término jurisdiccional para instar la demanda. La presentación de la demanda de impugnación ante el foro de instancia, transcurrido en exceso el referido plazo, tuvo el efecto de privar de jurisdicción a dicho tribunal para entender en esta controversia.
Resta, entonces, examinar el planteamiento de la agencia en cuanto a la determinación hecha por el foro de instancia de que la notificación final de deficiencia contributiva es defectuosa, por lo que afectó el cómputo del término para instar la demanda de impugnación. El tribunal a quo basó dicha conclusión en que la agencia, alegadamente, consignó en la notificación cursada a los recurridos que se requería el pago de una fianza, previo a la presentación de su reclamación ante el foro de instancia. El tribunal erró.
La garantía constitucional del debido proceso de ley a ser seguido por el Estado antes de privar al ciudadano de su propiedad, requiere, de ordinario, la notificación a las partes que resultaran afectadas por una decisión de una agencia administrativa. Surgen como requisitos mínimos de dicha notificación: (1) el informar, y (2) advertir a los afectados su derecho a impugnar la determinación administrativa a tenor con los estatutos pertinentes y el término disponible para ello. El hecho de que la agencia no incluya dicha advertencia en su notificación, tiene el efecto de que no comienza a decursar el término jurisdiccional para recurrir de la determinación. Cf Asociación de Residentes v. Montebello, 138 D.P.R. _ (1995); García Troncoso v. Administración del Derecho al Trabajo, 108 D.P.R. 53 (1978).
En el presente caso, como antes expresáramos, el Departamento de Hacienda, al cursar su notificación final de la deficiencia a los recurridos -mediante correo certificado-, detalló el monto total de la deficiencia por concepto de contribución sobre ingresos, e incluyó una clara advertencia a éstos sobre su derecho a impugnar la misma, expresó el término disponible para instar la correspondiente demanda y consignó expresamente cuál era el foro con jurisdicción para atenderla. Por ende, concluimos que la agencia cumplió con todos los requisitos de notificación antes reseñados.
De otra parte, de la notificación final de deficiencia contributiva enviada por la agencia, surge que la Secretaria de Hacienda no exigió prestación de fianza, previo la radicación de la demanda de impugnación en el *1064 presente caso.
El párrafo final de dicho documento, lee de la siguiente manera:
"De no estar conforme, dentro de los TREINTA (30) DIAS inmediatamente siguientes a la fecha de esta notificación, podrá radicarse, previa prestación de fianza ante y a favor del Secretario de Hacienda por la cantidad arriba indicada, una demanda ante el Tribunal de Primera Instancia de Puerto Rico en la forma provista por ley." (Enfasis nuestro)
No obstante, la parte superior del mismo documento, a la cual el antes citado párrafo hace referencia y en la que se expresa cuál será el importe de la fianza a prestarse, expresa:

"Importe de Fianza: $ N/A" 

Así las cosas, entendemos que no se sustenta lo determinado por el tribunal a quo en cuanto a que la referida notificación es defectuosa. Por el contrario, entendemos que la agencia cumplió con los requisitos del debido proceso de ley según expuestos por la antes citada jurisprudencia. Careciendo entonces la notificación emitida por la agencia de los vicios imputados, nada de lo dispuesto en ella afectó el cómputo del término que tenían los recurridos para acudir al Tribunal de Primera Instancia impugnando la referida deficiencia contributiva.
En virtud de lo anteriormente expuesto, concluimos que erró el foro de instancia al negarse a desestimar la demanda instada por los recurridos. Ciertamente, el tribunal a quo carecía de jurisdicción para atender dicha reclamación, dado que esta fue instada transcurrido el termino dispuesto para ello, y que el recurso de revisión presentado ante este foro, no interrumpió el término jurisdiccional, ni suplió los requisitos exigidos para instar la demanda.
Por los fundamentos que expresamos, se expide el auto solicitado a los fines de revocar la resolución emitida y ordenar la desestimación de la acción establecida.
Lo acuerda el Tribunal y lo certifica la Subsecretaria General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2001DTA 84
1. Larroca Tarazona, págs. 498-499.
2. 21 L.P.R.A. see. 651 etseq.
3. Véase Apéndice del recurso, a la pág. 10.